## NORTHERN INSURANCE COMPANY OF NEW YORK

v.

## Alfreda RESINSKI and Lawrence Resinski.

**Appeal of: Alfreda Resinski.**

Superior Court of Pennsylvania.

Submitted May 12, 2003.

Filed June 24, 2003.

Roman J. Koropey, Bryn Mawr, for appellant.

James C. Haggerty, Philadelphia, for appellee.

Before: JOHNSON, BENDER, and MONTEMURO *, JJ.

OPINION BY JOHNSON, J.:

¶ 1 The Honorable S. Gerald Corso granted summary judgment in favor of Northern Insurance Company of New York ("Insurance Company") and against Alfreda Resinski ("Claimant") in a declaratory judgment action seeking a declaration that Insurance Company has no obligation to provide underinsured motorists (UIM) benefits to Claimant under a commercial automobile insurance policy. Claimant now appeals, arguing that Judge Corso erred by declaring that Insurance Company had no obligation to provide coverage and by failing to order arbitration where the Insurance Company's named insured had joined in a demand for arbitration. Finding no error, we affirm.

¶ 2 The material facts, as gleaned from the parties' Stipulation of Facts filed 2/22/02, and the certified record, are as follows. Insurance Company is a New York corporation duly authorized to conduct business in this Commonwealth.

---

* Retired Justice assigned to the Superior Court.

Claimant is a resident of Hatboro, Pennsylvania, and the husband of Lawrence Resinski, now deceased. Lawrence Resinski died July 21, 2000 while this matter was pending. He was a principal shareholder, director, and secretary of DA–Tech Corporation ("DA–Tech"). Insurance Company had issued a policy of insurance to DA–Tech providing $500,000 in non-stacked underinsured motorist coverage to the named insured.

¶ 3 On February 10, 1996, Claimant was operating an automobile owned by her husband and insured by the American National Property & Casualty Insurance Company ("American National"). Claimant's automobile was struck by an automobile owned by Manuel Lapeira and insured by the General Accident Insurance Company ("General Accident"). Claimant sustained bodily injuries in the accident. On the Resinskis's tort claim against Lapeira, General Accident tendered and paid its policy limits, $15,000. Thereafter, American National, the carrier that had insured the automobile owned by Claimant's now-deceased husband, tendered and paid $200,000 in underinsured motorist benefits to the Resinskis.

¶ 4 Following receipt of the underinsured benefits from American National, the Resinskis filed a claim for underinsured benefits with Insurance Company, based upon the business automobile policy issued by Insurance Company to DA–Tech. The application for the policy specifically identified DA–Tech as the named insured under the policy, and also identified listed drivers, none of whom were identified in the application as named insureds.

¶ 5 Insurance Company instituted this action seeking declaratory relief. Claimant filed preliminary objections to the complaint, contending that the dispute was required to be litigated in arbitration, rather than in the court of common pleas. After the court denied the preliminary objections, Claimant filed her answer to the complaint. The parties agreed to submit the dispute on stipulated facts and cross motions for summary judgment. Following oral argument, Judge Corso granted Insurance Company's motion for summary judgment, denied Claimant's cross-motion, and Claimant now appeals.

¶ 6 We have recently restated our standard and scope of review in matters involving the grant or denial of summary judgment as follows:

> Our scope of review of an order granting or denying a motion for summary judgment is well established:
>
>> We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion. *Pappas v. Asbel,* 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001) (citations omitted), *cert. denied,* 536 U.S. 938, 122 S.Ct. 2618, 153 L.Ed.2d 802 (2002).

*McIntyre Square Associates v. Evans,* 827 A.2d 446, 451 n. 6.

¶ 7 In her brief, Claimant sets forth the following three issues for our review:

A. Did the lower court err by declaring that the Insurance Company had no obligation to provide underinsured motor-

ists benefits rather than ordering the parties to proceed to arbitration of the issue and initially sustaining Claimant's preliminary objections to the Complaint?

B. Did the lower court err by failing to order arbitration where the Insurance Company's named insured had joined in the demand for arbitration of whether Claimant was entitled to underinsured benefits?

C. If the matter was not subject to arbitration, did the lower court err by granting summary judgment in favor of Insurance Company where there were significant genuine issues of material fact regarding the intended underinsured motorists coverage?

Brief for Appellant at 4.

■ ¶ 8 Claimant argues that the arbitration clause in Insurance Company's UIM coverage endorsement requires that all coverage issues be submitted to arbitration and that her Preliminary Objections seeking an order to compel arbitration should have been sustained. Brief for Appellant at 8, 9–25. Claimant relies principally on this Court's decision in *Baverso v. State Farm Insurance Company*, 407 Pa.Super. 164, 595 A.2d 176 (1991), in support of her claim. We find that case distinguishable. In *Baverso*, the claimant was the son of a named insured, whose policy purported to provide UIM coverage to the mother and anyone who lived with her. *Id.* at 176. There, the dispute was a factual one as to whether the insured's son actually resided in the household of the mother, the named insured on the policy. *Id.* at 177, 178. In vacating and remanding with directives, we held that the *factual* issue of whether the son was insured under his mother's UIM policy must be determined by a panel of arbitrators. *Id.* at 178–79. Here, there are no factual issues for resolution. The parties submitted the matter to the trial court on stipu-

lated facts. Claimant was not an occupant of any vehicle insured under the commercial policy issued to DA–Tech by Insurance Company. She was operating a vehicle owned by her husband, on her personal business. She was not a named insured under the policy, nor related to a named insured, in that the only named insured was DA–Tech, a corporation.

¶ 9 We also find Claimant's reliance on our Supreme Court's decision in *Borgia v. Prudential Insurance Company*, 561 Pa. 434, 750 A.2d 843 (2000), to be misplaced. There, the Court reversed this Court, holding that the issue of whether the driver was a "covered person" who could demand arbitration was arbitrable. The Court had under review a Prudential policy that provided that where Prudential and a "covered person disagree on policy coverages or amounts payable, either party may make a written demand for arbitration." *Id.* at 845. After reviewing the law governing disputes controlled by common law arbitration, the Court determined that the arbitration clause at issue provided for arbitration of disputes concerning "policy coverage" and whether the claimant was a covered person under his parents' policy was the essential matter to be resolved in order to dispose of the claim. *See id.* at 847. Because, on appeal, Prudential was arguing that the arbitrators erred in finding that the claimant was a "covered person," and since a common law arbitration award is not reviewable for such an error, our Supreme Court held that this Court erred and exceeded our scope of review when we vacated the award in the claimant's favor. *See id.*

■ ¶ 10 We recognize that once it has been determined that a substantive dispute is arbitrable, the arbitrators have the authority to decide all matters necessary to dispose of the claim. *See id.* at 846. However, the arbitration clause contained

in the commercial insurance policy here under review provides as follows:

**ARBITRATION**

a. If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "underinsured motor vehicle" or do not agree as to the amount of damages, either party may make a written demand for arbitration. . . .

R.R. 70a. The Declarations pages, the Payment Extension Schedule Summary page, and the Endorsement Summary Changes page all list the only "named insured" as DA–Tech Corporation. *See* R.R. 44a, 45a, # 46a, 47a. Under the UIM endorsement attached to the policy, Insurance Company provides coverage as follows:

**BUSINESS AUTO COVERAGE FORM**

\* \* \* \*

**A. COVERAGE**

1. We will pay all sums the "insured" is legally entitled to recover as damages from the owner or driver of an "uninsured motor vehicle."

**B. WHO IS AN INSURED**

1. You.

2. If you are any individual, any family member.

3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto."

R.R. at 69a.

¶ 11 Claimant has not attempted to argue, nor could she on the stipulated facts, that she is the insured "you" referred to in the UIM endorsement, since the only named insured is DA–Tech. And because the only possible "you" under the commercial policy is a corporation, which is not an "individual," Claimant cannot pursue coverage as a "family member." Finally, because she was occupying a vehicle owned by her husband when the accident occurred, she cannot qualify as an "insured" based upon occupancy of a "covered auto." We conclude that Claimant's first issue is without merit. On its face, the policy provides no coverage for Claimant, given the facts stipulated by the parties.

¶ 12 At issue two, Claimant argues that arbitration is mandated because DA–Tech, through its chief executive officer, joined in the demand for arbitration "and had a legitimate interest in determining whether its principal's wife was entitled to the coverage it had paid for." Brief for Appellant at 8, 25–26. Claimant cites to no authority, nor are we aware of any, holding that the joinder by an insured in a claim brought by a party not insured under the policy breathes vitality into an otherwise lifeless claim. The policy, by its terms, limits coverage of it UIM benefits to the "insured" under the policy. R.R. 69a. The policy provides only payment of "all sums the 'insured' is legally entitled to recover." Here, DA–Tech is not advancing any claim that it is entitled to recover UIM benefits. We conclude that the first part of Claimant's second issue is without merit.

¶ 13 In the second part of the second issue, Claimant seeks to argue that the trial court erred in granting declaratory judgment when the action did not include DA–Tech as an indispensable party. Brief for Appellant at 27–28. This issue was not included in Claimant's Rule 1925(b) statement filed January 13, 2003, and is, therefore, waived. *See Yoder v. American Travellers Life Insurance Company,* 814 A.2d 229, 233 (Pa.Super.2002).

¶ 14 In her third issue, Claimant contends that summary judgment was inappropriate because there were "significant genuine issues of material fact regarding the intended UIM coverage."

Brief for Appellant at 4, 28–30. This contention is largely rendered meritless given the stipulation of facts prior to submission of the matter for resolution by the trial court. The argument portion of Claimant's brief on this issue does not contain citation to any authorities nor a reasoned discussion of law. On this basis alone, we find the issue waived. *See Estate of Haiko v. McGinley,* 799 A.2d 155, 161 (Pa.Super.2002); *see also Estate of Lakatosh,* 441 Pa.Super. 133, 656 A.2d 1378, 1381 (1995) (concluding that appellant waived issue on appeal where argument in brief included only general statements without citation to authority).

¶ 15 We find no error in the trial court's determination granting summary judgment to Insurance Company and denying Claimant's cross-motion to compel arbitration of an insurance claim under a commercial automobile policy. Accordingly, we will affirm that order.

¶ 16 Order **AFFIRMED.**