

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-19-2004

# Liberty Mutl Fire v. Yoder

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3623

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Liberty Mutl Fire v. Yoder" (2004). *2004 Decisions*. Paper 212.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/212

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 03-3623

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

Appellant

v.

AARON YODER

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 02-CV-00786
District Judge: The Honorable James M. Munley

Submitted Pursuant to LAR 34.1(a)
September 30, 2004

Before: RENDELL, FUENTES and SMITH, *Circuit Judges*

(Filed: October 19, 2004)

OPINION OF THE COURT

PER CURIAM.

Liberty Mutual Fire Insurance Company appeals from the District Court's order

granting summary judgment in favor of Aaron Yoder. The District Court determined that

the scope of the arbitration clause in Liberty Mutual's insurance policy required it to arbitrate whether Yoder qualified as an insured under the underinsured motorist ("UIM") provision of the policy. For the reasons set forth below, we will affirm.

## I.

Aaron Yoder was injured in an automobile accident in 1994 while driving his own passenger automobile. After successfully pursuing a liability claim against the tortfeasor and a UIM claim against his own carrier, Yoder notified Liberty Mutual that he was filing a claim for UIM benefits under a policy issued to W.C. McQuaide, Inc., a trucking company. Even though Yoder had not been injured while occupying one of McQuaide's trucks, he claimed he was an "Additional Insured - Lessor" under McQuaide's policy because he had leased a tractor trailer to McQuaide at the time of his accident.

Liberty Mutual denied Yoder's claim, asserting that he did not qualify as an insured under McQuaide's policy. Yoder demanded that his status as an insured be resolved by an arbitration panel pursuant to the arbitration clause of the policy. The arbitration provision contained in the UIM endorsement states in relevant part:

> ARBITRATION
> a.      If we and an insured disagree whether the insured is legally entitled to recover damages from the owner or driver of an underinsured motor vehicle or do not agree as to the amount of damages, either party may make a written demand for arbitration.

Although Liberty Mutual initially acceded to the request for arbitration and selected an arbitrator, it subsequently balked and filed this declaratory judgment action

2

against Yoder. Alleging that Yoder was "claiming entitlement to insurance benefits in excess of $75,000 under an insurance policy" it had issued, Liberty Mutual asserted that the District Court had diversity jurisdiction. Liberty Mutual further averred that Yoder was seeking benefits under a policy issued to McQuaide which provided $2 million in liability coverage and UIM benefits in the amount of $35,000. Liberty Mutual requested (1) a declaration that Yoder was not an insured; and (2) a permanent injunction against Yoder arbitrating his claim for UIM.

Yoder filed a motion to dismiss pursuant to Rule 12(b)(1), alleging that he was an insured under the policy and had made a demand for arbitration consistent with the terms and conditions of the policy. He asserted that the issues raised by Liberty Mutual's declaratory judgment action were within the province of the Board of Arbitrators and that the action should be dismissed and resolved by the arbitration panel. The District Court agreed, concluding that the arbitration clause did not limit the scope of arbitration. Liberty Mutual appeals.

## II.

Before us, Yoder asserts for the first time that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy is only the UIM benefit of $35,000.[1] Because subject matter jurisdiction is never waived, we "exercise plenary review over this question of subject matter jurisdiction." *Meritcare Inc.*

---

[1]The jurisdictional requirement of complete diversity is satisfied as the parties are citizens of Massachusetts and Pennsylvania.

*v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999). In determining whether the requisite amount in controversy has been met, we must focus "on the time that the complaint was filed." *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997). In *St. Paul Mercury Indem. Co. v. Red Cab Co.*, the Supreme Court instructed that

> The rule governing dismissals for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

303 U.S. 283, 288-89 (1938). As the Supreme Court explained, reliance upon the plaintiff's complaint is appropriate because in a civil action initially filed in federal court "the plaintiff chooses his forum. He knows or should know whether his claim is within the statutory requirement as to amount." *Id.* at 290.

Here, Liberty Mutual's complaint alleged that the amount in controversy exceeded $75,000. Although the claim was for UIM benefits in the amount of $35,000, it is evident from Yoder's notice to Liberty Mutual of his claim for benefits, which was incorporated by reference into the complaint, that the $2 million liability limits of the insurance policy were also at issue. Accordingly, the $75,000 amount in controversy requirement was satisfied and the District Court had jurisdiction pursuant to 28 U.S.C. § 1332.

Appellate jurisdiction exists under 28 U.S.C. § 1291. *See Nationwide Ins. Co. v. Patterson*, 953 F.2d 44, 45-46 (3d Cir. 1991) (explaining that dismissal of declaratory judgment action, because dispute is subject to arbitration, is final for purposes of § 1291

4

inasmuch as it provides the full relief requested and there is no further action necessary). Although Yoder's motion was styled as a motion to dismiss under Rule 12(b)(1), which is a vehicle for challenging subject matter jurisdiction, motions seeking the dismissal of a declaratory judgment action on the basis that arbitration is required are not jurisdictional as they raise a defense to the merits of an action. *See Lloyd v. Hovensa, LLC*, 369 F.3d 263, 272 (3d Cir. 2004). Rather, such dismissals are "generally effected under Rule 12(b)(6) . . . or Rule 56." *Patterson*, 953 F.2d at 45 n.1. Because the District Court did not rely upon matters outside of the pleadings, Yoder's motion to dismiss under Rule 12(b)(1) constituted a grant of a Rule 12(b)(6) motion, over which our standard of review is plenary. *State Farm Mut. Auto. Ins. Co. v. Coviello*, 233 F.3d 710, 713 (3d Cir. 2000).

III.

We must apply Pennsylvania's substantive law in resolving this diversity action. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938). In particular, we must apply the law as decreed by the highest state court, if it has spoken on the specific issues before us. *General Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 303 n.1 (3d Cir. 2003). "We are not bound by the jurisprudence of lower state courts, but often refer to them as persuasive authority. In addition, we consider the opinions of other federal courts interpreting state law. . . ." *Id.* (citation omitted).

To resolve whether this dispute must be submitted to arbitration requires a two step inquiry. We must first determine whether the parties entered into an agreement to

arbitrate. If so, we then ask "whether the dispute falls within the ambit of the arbitration provision." *Rocca v. Pennsylvania Gen. Ins. Co.*, 516 A.2d 772, 773 (Pa. Super. Ct. 1986) (citing *Flightways Corp. v. Keystone Helicopter Corp.*, 331 A.2d 184 (Pa. 1975)).

Yoder relies on two Pennsylvania Supreme Court cases in urging us to affirm the District Court's conclusion that his dispute with Liberty Mutual is arbitrable. *Borgia v. Prudential Ins. Co.*, 750 A.2d 843 (Pa. 2000); *Brennan v. Gen. Accident Fire and Life Assurance Corp.*, 574 A.2d 580 (Pa. 1990). Liberty Mutual asserts that *Brennan* and *Borgia* are inapposite and argues that we should follow a recent intermediate appellate court decision which concluded that arbitration was not required. *See Northern Ins. Co. of New York v. Resinski*, 827 A.2d 1240 (Pa. Super. Ct. 2003).

Pennsylvania law expansively interprets arbitration clauses such as the one at issue here. In *Brennan*, the Supreme Court reinstated the claimant's arbitration award that had been overturned by the Superior Court as beyond the scope of the arbitrators' authority. 574 A.2d at 582. Similar to the policy in this case, the policy in *Brennan* provided:

> If we and the covered person disagree whether that person is legally entitled to recover damages from the owners or operator of an underinsured motor vehicle, or do not agree as to the amount of damages, either party may make a written demand for arbitration.

574 A.2d at 582. The Pennsylvania Supreme Court concluded that this language

> reveals that arbitration is mandated whenever the insured and the insurer disagree as to when a party is legally entitled to recover damages. There is no limit to the jurisdiction of the arbitrators over what issues may be submitted and in fact the policy declares that all disputes between the insurance company and the insured will be arbitrated.

6

574 A.2d at 583. After citing the principle that an insurance policy must be construed against its drafter and noting the broad sweep of the provision, the Court concluded that "the dispute herein is a matter specifically within the scope of the arbitration clause." *Id.*

In *Borgia*, the Pennsylvania Supreme Court considered whether the plaintiff's claimed entitlement to UIM coverage under his parents' policy was arbitrable. There, the Court focused on the language of the policy's arbitration clause which provided that, "if [Prudential] and a covered person disagree on policy coverages or amounts payable, either party may make a written demand for arbitration." *Id.* at 845. The *Borgia* Court determined that this policy language did "not draw a clear distinction between parties who are entitled to invoke arbitration and matters which may be arbitrated" and that it had to be interpreted against the insurer. 750 A.2d at 850. Thus, the Court construed the provision broadly, concluding that the dispute as to whether Borgia was covered by the policy and entitled to demand arbitration was in fact arbitrable. *Id.* at 849-850.

## IV.

Liberty Mutual is correct that *Brennan* involved a named insured and thus did not directly address the issue before us. However, the similarity of the language of the arbitration provision before the Court to that in *Brennan* and *Borgia* cannot be ignored. As the Pennsylvania Supreme Court did in *Brennan* and *Borgia*, we find that the arbitration provision here is also a broad one, and fails to distinguish between which issues must be submitted to arbitration and who may invoke arbitration. *Brennan*, 574

7

A.2d at 583; *Borgia*, 750 A.2d at 850; *see also Patterson*, 953 F.2d at 48-49 (following *Brennan* and concluding that dispute was arbitrable). As the *Borgia* majority explained, unclear arbitration provisions as to whether a claimant is covered by the policy and entitled to invoke arbitration will be construed broadly against the drafter. *Borgia*, 750 A.2d at 850. In light of *Brennan* and *Borgia*, we read the broad arbitration clause here to require arbitration of whether a claimed insured is legally entitled to UIM.

Furthermore, arbitration is required in light of an ambiguity in the language of the policy relevant to Yoder's claim. Yoder is claiming coverage under the "Additional Insured-Lessor" endorsement, which provides coverage for a lessor of a "leased auto," as that term is defined in the endorsement. The UIM endorsement, however, provides its own definition of "an insured" entitled to UIM coverage. The determination of Yoder's status as an insured under the policy is, therefore, ambiguous given Yoder's claim under both the Additional Insured-Lessor and UIM endorsements. This ambiguity, inherent in the language of the policy, should be construed against the insurer as the drafter of the document, further supporting a decision to submit the dispute to arbitration. *See Borgia*, 750 A.2d at 850 (construing ambiguity regarding who qualified as a "covered person" against the insurer as drafter of the policy); *see also Brennan*, 574 A.2d at 583 (construing ambiguity in breadth of arbitration clause against insurer as drafter of the policy).

Although this result may seem at odds with this Court's holding in *State Farm*

8

*Mut. Auto. Ins. Co. v. Coviello*, 233 F.3d 710 (3d Cir. 2000), that case is distinguishable because the arbitration provision was distinctly different from the one *sub judice*. By its terms, the arbitration provision in *Coviello* was limited to issues regarding fault and amount. 233 F.3d at 717-19.

In concluding that the dispute before us is arbitrable, we have accorded no weight to the Pennsylvania Superior Court's *Resinski* decision insofar as we find that case to be distinguishable. 827 A.2d at 1240. In *Resinski*, there was no genuine issue that the claimant was not entitled to demand arbitration because she clearly did not qualify as "an insured" as that term was defined in the relevant policy. 827 A.2d at 1244. In the instant matter, however, it is unclear whether Yoder qualified as an insured entitled to demand arbitration under the policy in light of the ambiguity discussed above. Furthermore, *Resinski* is not persuasive as it failed to address *Brennan*.

Accordingly, we will affirm the judgment of the District Court.