J-A25009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BALJINDER PAL SI MINHAS | : | |
| | : | |
| Appellant | : | No. 370 EDA 2025 |

Appeal from the Judgment of Sentence Entered January 8, 2025
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-SA-0000257-2024

BEFORE:   LAZARUS, P.J., BOWES, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:                    **FILED JANUARY 13, 2026**

Baljinder Pal Si Minhas appeals, pro se, from the judgment of sentence, entered in the Court of Common Pleas of Lehigh County, following his conviction by the trial court of harassment—course of conduct,[1] in a trial de novo.  After careful review, we affirm.

The trial court set forth the factual history of this case as follows:

Jarrett Schaffer and [] Minhas[] were friends for a few years, but that friendship ended when it was discovered that [Minhas] was having an affair with a mutual friend named Lisa, who was married at the time.  Lisa's husband, Derek, discovered this and started contacting individuals from Lisa's cell phone.  One such individual was Schaffer's elderly mother.  Schaffer was with his mother when Derek called, and he spoke to Derek and confirmed the affair based on the information he (Schaffer) had.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2709(a)(3).

Soon after this, Schaffer began to receive harassing text messages. While at least one message came from the number that Schaffer had saved for [Minhas], the others came from anonymous numbers, but all were based on the same subject matter. Once such message referenced Lisa and Derek, as well as Emily—a mutual friend of Schaffer and [Minhas]. The message also referenced a criminal matter from Philadelphia that Schaffer was involved in. According to Schaffer, only [Minhas] was aware of that case. Finally, the message contained the misspelled word "fuxk." This spelling is also used in text messages that [Minhas] has admitted sending. Schaffer received approximately 8 or 9 of these messages over a two-and-a-half-year period. On two occasions, he reported the matter to police.

Trial Court Opinion, 4/11/25, at 1-2 (cleaned up).

On May 30, 2024, Minhas was cited for harassment and, following a summary trial on October 1, 2024, before Magisterial District Judge Jacob E. Hammond, Minhas was found guilty of harassment and fined $150.00. *Id.* at 1. Minhas timely filed a summary appeal on October 24, 2024.

A trial de novo was held before the Honorable James T. Anthony on January 8, 2025. Minhas represented himself at the trial. *See* N.T. Trial De Novo, 1/8/25, at 6-8 (Minhas waiving right to counsel). At trial, Minhas, Schaffer, and Sarah Hottinger, a mutual friend of Schaffer and Minhas, testified. Minhas was found guilty of the above-stated charge and sentenced to pay costs and fines. *See* Corrected Order, 1/29/25, at 1.

Minhas filed this timely appeal on February 4, 2025. Both Minhas and the trial court complied with the requirements of Pa.R.A.P. 1925. On appeal, Minhas raises the following issues:

[1]. Whether the admission of unauthenticated, anonymous text messages violated [Minhas'] due process rights[;]

[2].  Whether the trial court exhibited judicial bias and improperly assisted the prosecution, thereby denying [Minhas] a fair trial[;]

[3].  Whether the trial court misapplied 18 Pa.C.S.[A.] § 2709(a)(3) by convicting [Minhas] absent a legally sufficient course of conduct[; and]

[4].  Whether there was sufficient evidence to prove that [Minhas] authored the alleged harassing text message(s)[.]

Appellant's Brief, at 4 (reordered for ease of review).

Minhas's first issue on appeal, regarding the admission into evidence of certain text messages, is waived for failure to raise it in his Rule 1925(b) statement.  It is beyond cavil that "issues not properly included in an appellant's [c]oncise [s]tatement of [errors] [c]omplained of on [a]ppeal pursuant to [Rule] 1925(b) are [] deemed waived."  *Milicic v. Basketball Marketing Co., Inc.*, 857 A.2d 689, 693 (Pa. Super. 2004); *see also Northern Ins. Co. of New York v. Resinski*, 827 A.2d 1240, 1244 (Pa. Super. 2003).  To the extent that Minhas relies upon this claim for relief, he has waived it.  *See Milicic*, 857 A.2d at 693; *Resinski*, 827 A.2d at 1244; Pa.R.A.P. 1925(b)(4)(vii).

In Minhas' second issue on appeal, he claims that the trial court exhibited judicial bias and improperly assisted the Commonwealth.  *See* Appellant's Brief, at 7-9.  This issue is also waived.

It is axiomatic that the argument portion of an appellate brief must be developed with citation to the record and relevant authority.  *See* Pa.R.A.P. 2119(a)-(c).  "This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority.  Failure to cite relevant legal

authority constitutes waiver of the claim on appeal." ***In re Estate of Whitley***, 50 A.3d 203, 209 (Pa. Super. 2012) (internal citations and quotation marks omitted). Further, pro se status does not relieve an appellant of his duty to follow our rules of appellate procedure. ***See Commonwealth v. Vurimindi***, 2018 PA Super 341, 200 A.3d 1031, 1037 (Pa. Super. 2018) ("Although this Court is willing to liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon the appellant.") (citation omitted).

Here, Minhas makes bald assertions that the trial judge's actions, "taken together," show judicial bias but fails to cite any authority in support of his argument. Appellant's Brief, at 7-9. Accordingly, we are unable to perform meaningful review of this issue and find it waived.[2] ***See Commonwealth v. Williams***, 959 A.2d 1252, 1258 (Pa. Super. 2008) (where appellant fails to develop issue or cite legal authority, we will find waiver of that issue).

_____

[2] Even if we were to look past the deficiencies of Minhas' brief, our review of the record reveals that Minhas failed to properly preserve any claim of judicial bias before the trial court. ***See*** Pa.R.A.P. 302(a) (issues not raised in trial court are waived and cannot be raised for first time on appeal); ***see also Crawford v. Crawford***, 633 A.2d 155, 160 (Pa. Super. 1993) (It is well settled that "[j]udicial bias may not be raised for the first time during post-trial proceedings.") (citation omitted); Trial Court Opinion, 4/11/25, at 2 (trial court unable to ascertain specific rulings that Minhas was complaining of and, thus, could not properly address allegations).

Minhas' last two issues allege there was insufficient evidence to find him guilty of harassment.[3]  **See** Appellant's Brief, at 9-11.  Specifically, Minhas argues that the evidence did not establish that he engaged in a "course of conduct" because only one text message to Schaffer was admitted into evidence.  **Id.** at 9-10.  Moreover, he argues that there was no evidence directly connecting him to the text message sent to Schaffer.  **Id.** at 11.

"Where a trial court has heard a case de novo, our standard of review is limited to a determination of whether the court 'committed an error of law or abuse of discretion, and whether the findings of the trial court are supported by competent evidence.'"  **Commonwealth v. Tomey**, 884 A.2d 291, 293 (Pa. Super. 2005), quoting **Commonwealth v. Simpson**, 832 A.2d 496, 498 (Pa. Super. 2003).  In reviewing a sufficiency claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense.  **Commonwealth v. Koch**, 39 A.3d 996, 1001 (Pa. Super. 2011).  The Commonwealth may prove the charges through wholly circumstantial evidence.  **See Commonwealth v. Salinas**, 307 A.3d 790, 793 (Pa. Super. 2023).  The factfinder, "while passing on the credibility of the witnesses and the weight of the evidence[,] is free to believe all, part, or none of the evidence."

---

[3] To the extent that Minhas argues that the text message evidence was improperly authenticated, **see** Appellant's Supplemental Brief, at 3-4, that argument is waived for failure to raise it in his Rule 1925(b) statement. **See Milicic**, **supra**; **Resinski**, **supra**; Pa.R.A.P. 1925(b)(4)(vii).

*Commonwealth v. Miller*, A.3d 632, 640 (Pa. Super. 2017). "In conducting this review, the appellate court may not [re]weigh the evidence and substitute its judgment for [that of] the fact[]finder." *Id.*

"A person commits the crime of harassment when, with intent to harass, annoy[,] or alarm another, the person[] engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose." 18 Pa.C.S.A. § 2709(a)(3). A course of conduct is a "pattern of actions composed of more than one act over a period of time, however short, evidencing a continuity of conduct." *Id.* at § 2709(f) (defining "[c]ourse of conduct"). A course of conduct "is more than an isolated verbal or physical act. It is a pattern of conduct composed of same or similar acts repeated over a period of time, however short, which establishes a continuity of purpose in the mind of the actor." *Commonwealth v. Tedesco*, 550 A.2d 796, 799-800 (Pa. Super. 1988) (citation omitted).

Contrary to Minhas' argument, the evidence was sufficient to sustain his conviction of harassment. *See Koch*, *supra*. At the trial de novo, the Commonwealth presented a text message that Schaffer received from an unidentified number that contained various expletives and information on several mutual friends of Schaffer and Minhas. *See* Commonwealth's Exhibit 1. Schaffer testified that he received approximately eight or nine similar text messages over a period of three years from unidentified numbers that contained information and names of people that only Minhas would know. *See* N.T. Trial De Novo, 1/8/25, at 16; 22. The text message was sufficiently

connected to Minhas by the subject matter referenced, the names used in the message, and spelling that was consistent with other messages that Minhas admitted to sending. *See id.* at 17-18 (Schaffer testifying text messages referenced details of his criminal case only Minhas knew); *id.* at 50-53 (Hottinger testifying to similar misspellings in text message (Commonwealth's Exhibit 2) she received from Minhas); *id.* at 62 (Minhas stating he sent the text message (Commonwealth's Exhibit 2) to Hottinger). The trial court found Schaffer's testimony credible. *See* Trial Court Opinion, 4/11/25, at 2; *see also Miller*, *supra*. Thus, taken together, the testimony and text message were sufficient to establish that Minhas, with the intent to harass, annoy, or alarm Schaffer, engaged in a "course of conduct" that served no legitimate purpose. *See Tedesco*, *supra*. Accordingly, Minhas' final two issues are without merit.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/13/2026