445 A.2d 191

**COMMONWEALTH of Pennsylvania,**

v.

**Mark BURTON, Appellant.**

Superior Court of Pennsylvania.

Argued March 17, 1982.

Filed April 30, 1982.

148

---

Mark Burton, appellant, in pro. per.

Robert F. Hawk, Assistant District Attorney, Butler, for Commonwealth, appellee.

Before SPAETH, JOHNSON and HOFFMAN, JJ.

PER CURIAM:

Appellant appeals from his convictions on charges of defiant trespass [1] and harassment [2] at a trial de novo, following his convictions on these summary charges before a magistrate. Appellant was sentenced on July 16, 1981, to pay the costs of prosecution and, on each conviction, to 90 days imprisonment to run concurrently, as well as a $250 fine on each conviction. We note that after the date of this sentence and notice of appeal entered the same day, Appellant filed a Motion to Modify Sentence on July 31, 1981. The lower court then vacated the initial sentence on July 31, 1981 and imposed a new sentence on August 20, 1981,[3] from which Appellant again appealed.

Appellant alleges, inter alia, that the evidence was insufficient to sustain the verdicts. As we find that Appellant's convictions were based on insufficient evidence, we vacate both convictions and discharge Appellant.

In reviewing sufficiency of the evidence, we must view the evidence in the light most favorable to the Commonwealth and, drawing the proper inferences favorable to

1. 18 Pa.C.S.A. § 3503(b).

2. *Id.*, § 2709.

3. Pa.R.A.P. 1701(b)(3) allows the lower court to grant reconsideration of a sentence in which an appeal has already been taken if certain prerequisites have been met. *See* Pa.R.A.P. 1701(b)(3)(i) and (ii). The record suggests that Appellant's Motion to Modify sentence was filed out of time, on July 31, 1981. However, the transcript of sentencing dated July 16, 1981, indicates that the judge "reserve[d] the right, within thirty days, to make an order of restitution." We need not address the propriety of the vacation of the original sentence and the subsequent resentencing because of our determination of the sufficiency of evidence issue.

the Commonwealth, determine whether the trier of fact could reasonably have found that all elements of the crime had been established beyond a reasonable doubt. *Commonwealth v. Contakos*, 492 Pa. 465, 424 A.2d 1284 (1981).

The record indicates that Appellant and his female friend, Linda, were quietly engaged in a discussion on the enclosed back porch of the boarding house where Linda rented a room. The back porch was used by all tenants and guests, as well as complainant and his wife, as a common area to enter and leave the house. The complainant landlord had seen them there as he left the house on his way to the store and said nothing. After his return, he approached Linda, who was crying, and inquired as to whether she was all right, to which Linda said yes. Appellant told him their discussion was not any of his business; that he and Linda were discussing a disagreement which had arisen between them the day before. Complainant then asked Appellant to leave, to which Appellant replied that he was not leaving at that moment, because he and Linda were attempting to resolve their differences. Complainant insisted that Appellant leave and when Appellant again refused, complainant went into another room. When complainant returned to the porch, he found his wife near Appellant and complainant's dog barking. The dog, a large Newfoundland,[4] although chained outside, was able to place himself in a position in the outside doorway of the rear porch while still on his chain, so as to prevent any person from entering or exiting at that point. Complainant's wife, in his absence, had attempted to push Appellant through the outside porch doorway.

Appellant told the complainant that he was afraid of the dog and, for that reason, would not leave by the back door. Appellant grabbed complainant by the shirt, released his grasp, and then proceeded to run through the house towards the front door of the premises. Complainant followed him

4. The testimony from complainant indicates that the dog weighed at least 150 pounds.

and, after unsuccessfully attempting to grab Appellant and physically force him out towards the back porch door, complainant was hit in the mouth by Appellant. Appellant then immediately left via the front door.

The statute concerning defiant trespass states in part:
§ 3503. Criminal Trespass

(b) A person commits an offense, if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by:

(i) actual communication to the actor; or

(ii) posting in a manner prescribed by law or reasonably likely to come to the attention of intruders; or

(iii) fencing or other enclosure manifestly designed to exclude intruders.

Appellant clearly had the right to remain on the porch, a common area, to visit Linda. Complainant landlord communicated to him that he wished Appellant to leave. However, the facts in the instant case do not indicate that this communication amounted to a notice against trespass, absent any communication to Appellant that he had done anything wrong. Complainant simply told Appellant to leave.

Also, despite Appellant's initial emotional reaction to complainant's request and his arguing concerning his right to remain, he did opt for leaving soon after. However, due to his reasonable fear of the dog, Appellant headed for the front door. We therefore find Appellant's running to the front door to have not been an unexpected action, as no other reasonable alternative for exit was presented to him. Under these specific circumstances, we find that the evidence was insufficient to prove Appellant either had knowledge that he was not privileged to remain on the back porch or had received actual communication of a notice against trespass. Therefore, the Commonwealth has failed to meet its burden of proof of each element of the crime beyond a

reasonable doubt. *Commonwealth v. Harris*, 263 Pa.Super.Ct. 110, 397 A.2d 424 (1979).

■  Appellant's other conviction involves the statute regarding harassment which states:

§ 2709.  Harassment

A person commits a summary offense when, with intent to harass, annoy or alarm another person:

(1) he strikes, shoves, kicks or otherwise subjects him to physical contact, or attempts or threatens to do the same; or

(2) he follows a person in or about a public place or places; or

(3) he engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose.

On the instant facts, we find no proof beyond a reasonable doubt of any intent to harass, annoy or alarm another. Appellant fully believed he had the right to be on the porch with Linda. No valid reason was given to him to leave. When told to leave, Appellant did argue briefly against the request, but then determined on his own accord to leave. He was prevented from leaving as a result of complainant's insistence that he exit past the barking dog. It is clear that Appellant did not follow any person, as per subsection (2) of the statute, nor did he engage in a course of conduct or repeatedly commit any act which alarmed or seriously annoyed any other person and which served no legitimate purpose, as per subsection (3). Viewing the evidence in the light most favorable to the Commonwealth, we are unable to infer that the Appellant, in striking the complainant while seeking to exit the premises, had formed any intention to harass, annoy or alarm the complainant.

Judgment of sentence is reversed on both convictions and appellant discharged.