550 A.2d 796

**COMMONWEALTH of Pennsylvania**

v.

**Richard TEDESCO, II, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 13, 1988.

Filed Nov. 15, 1988.

Theodore H. Watts, Meadville, for appellant.

John F. Spataro, Assistant District Attorney, Meadville, for Com., appellee.

Before CAVANAUGH, TAMILIA and HESTER, JJ.

TAMILIA, Judge:

Appellant Richard Tedesco was found guilty of the summary offense of harassment, 18 Pa.C.S. § 2709(3),[1] and after denial of his post-verdict motion, he was sentenced to pay a $100 fine and costs. This appeal followed.

A review of the record discloses appellant was found guilty on January 6, 1987, and the adjudication Order was filed on January 7, 1987. Appellant was advised of the need to file post-verdict motions within ten (10) days. *See* Pa.R.Crim.P. 1123. Both the time-stamp on the motion and the docket entry indicate his post-verdict motion was not filed until January 26, 1987. Thus, it would appear appellant has not preserved the issue for appellate review. *See Commonwealth v. Gregory,* 309 Pa.Super. 529, 455 A.2d 1210 (1983) (although untimely post-verdict motions were acted upon by the trial court on their merits, the issues raised in the motions were not preserved for appeal but were waived). *See also Commonwealth v. MacSherry,* 371 Pa.Super. 164, 166, 537 A.2d 871 (1988).

---

1. Harassment is defined in 18 Pa.C.S. 2709(3) as follows:

   § 2709. Harassment

   A person commits a summary offense when, with intent to harass, annoy or alarm another person:

   . . . . .

   (3) he engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose.

At oral argument before this Court and by letter several days following oral argument before this Court, however, counsel for appellant offered the following explanation for the apparently untimely filed post-verdict motion:

[A]lthough the Motion for New trial was filed on January 15, 1987, for some reason, the Motion was not transferred from the Judge's chambers to the clerk's office until the 26th of January, 1987.

The Motion was presented to Judge Robert L. Walker in Motions Court and was listed for the next Argument List, which is typical in this jurisdiction. Therefore, no Order was issued by the Court listing the case.

(Letter of appellant's counsel, 9/13/88.)

■ Counsel's claim amounts to an assertion that he "filed" the motion by presenting it to the judge in his chambers. This does not constitute a "filing" as we admonished in *Commonwealth v. Nixon*, 311 Pa.Super. 450, 457 A.2d 972 (1983):

[L]eaving motions in the judge's chambers, or even handing a copy to the judge in the courtroom or elsewhere, does not constitute filing. A document in any criminal matter must be filed with the office of the clerk of courts, 42 Pa.C.S. § 2756(a), who in Philadelphia is known as the Clerk of Quarter Sessions. 42 Pa.C.S. § 2751(c).

*Id.*, 311 Pa.Superior Ct. at 455, 457 A.2d at 975 (quoting *Commonwealth v. Lynch*, 304 Pa.Super. 248, 250, 450 A.2d 664, 666 (1982), *reargument denied.*)

■ Counsel for appellant also points to the fact that the trial judge in his Memorandum, filed December 30, 1987, describes the motion for new trial as "timely", and he urges this lends credence to the argument that the document was, in fact, timely "filed".

The judge's characterization of the post-verdict motion as "timely" suggests the trial court in Crawford County might not be strictly enforcing the mandates of 42 Pa.C.S. § 2756(a) which provides in pertinent part:

## § 2756. Matters or documents filed in the office of the clerk of the courts

(a) General rule.—All applications for relief or other documents relating to the following matters shall be filed in or transferred to the office of the clerk of the courts:

> (1) Criminal matters including all related motions and filings.

Under the narrow circumstances of this case, we will, therefore, engage in a review of the merits of appellant's appeal. We take this opportunity, however, to inform all counsel in Crawford County and throughout the state that henceforth local custom will not supplant the Pennsylvania Rules of Procedure. If a copy of a motion must be filed with a trial judge, the original still must be filed with the county clerk of courts in a timely fashion.

■ On appeal, appellant submits the incident giving rise to the instant charge was a single isolated event which is insufficient under the law to support a finding that he engaged in a course of conduct or that he repeatedly committed acts which alarmed or seriously annoyed the complainant and which served no legitimate purpose.

The trial court found otherwise. The court explains in its Memorandum that the testimony of the appellant-defendant and the complainant do not entirely correspond and, accepting the victim's testimony as the more credible version, the court gives the following rendition of the facts. The date of the complained of conduct was Sunday, August 17, 1986.

Earlier on that Sunday afternoon, the victim [2] was on his way to the home of a local attorney, John Petruso, to deliver a form that Mr. Petruso's son would need to obtain his senior driver's license after having completed Mr. Lawrence's driver training course. The defendant lives in the same general vicinity as Mr. Petruso and the

2. The victim, Roland Curtis Lawrence, is a black man who operates a driver's training school (Slip Op., Walker, J., 12/30/87, p. 1).

victim in going to the Petruso home followed the defendant's wife up a public street. Mrs. Tedesco testified that although she was apprehensive because she knew of the bad blood between her husband and the victim, nothing whatsoever untoward occurred and when she turned off onto her own street, Mr. Lawrence went straight ahead, apparently on to the Petruso home.

Mr. Lawrence then went home and about 4:30 while he was watching television, his attention was attracted to the parking lot in front of his apartment where Mr. Tedesco arrived with screeching brakes, jumped out of his car and began taking photographs of Mr. Lawrence's car. Lawrence went outside to inquire as to the defendant's activities and the defendant subjected him to a tirade including racial and ethnic slurs toward both the victim and the victim's wife using extremely vulgar language. This continued until an off duty state policeman who lived nearby hearing the commotion, eventually interceded to calm both parties down and to avoid any physical altercation. Thereafter, the defendant left the premises and by his own testimony went to the state police barracks to attempt to make a complaint, but was advised to contact private counsel.

There was also evidence that the defendant had on several occasions before August 17, 1986 hurled racial epithets at the victim when he was in his driver training car with a student, and had complained to the local Meadville City police that the victim went by his funeral home repeatedly. Although the record may not be clear the Court can take judicial notice that Mr. Tedesco's funeral home is located at the intersection of Spring Street and Baldwin Street, and that Baldwin Street in the City of Meadville at that location is also U.S. Route 19 which with the exception of the interstate highway is the main road between Meadville and Erie, Pennsylvania. Further, Spring Street is a heavily traveled route, being the main highway leading to what is known as Mead-

ville's Fifth Ward and to residential areas north and west of the City of Meadville. If someone would go by Tedesco Funeral Home on a daily basis or oftener, it is certainly not unusual.

In any event, the defendant had complained to the local police and the victim had complained to the local police concerning the defendant's racial slurs. Apparently the police chief of Meadville had attempted to calm both parties to avoid any escalation of the problem.

Slip Op. at pp. 2–4.

In *Ecksel v. Orleans Construction Co.*, 360 Pa.Super. 119, 519 A.2d 1021 (1987) we said:

The findings of a trial judge sitting without a jury carry the same weight as a jury verdict, and this court will not disturb those findings on appeal absent an error of law or abuse of discretion. *See Pato v. Cernuska,* 342 Pa.Superior Ct. 609, 612, 493 A.2d 758, 759 (1985). We will respect a trial court's findings with regard to the credibility and weight of the evidence unless the appellant can show that the court's determination was manifestly erroneous, arbitrary and capricious or flagrantly contrary to the evidence. *See Tyler v. King,* 344 Pa.Superior Ct. 78, 96, 496 A.2d 16, 25 (1985).

*Id.,* 360 Pa.Superior Ct. at 133, 519 A.2d at 1028.

Here, we find appellant has not shown the trial court's determination to be flagrantly contrary to the evidence, since there was evidence in this case that appellant had, in fact, engaged in a "course of conduct." We noted in *Commonwealth v. Evans,* 299 Pa.Super. 529, 445 A.2d 1255 (1982):

Initially, we observe that Section 2709(3) specifically proscribes "a course of conduct or repeated [ ] ... acts" which are offensive to the complaining party, i.e., there must be evidence of a *repetition of* the offensive conduct. *Commonwealth v. Duncan,* 239 Pa.Super. 539, 363 A.2d 803 (1976) (appellant's repeated entreaties of the com-

plainant to allow him to perform cunnilingus established a "course of conduct," and his pleas and actions seriously annoyed a person of average sensibilities). In interpreting the aforegoing, this Court, in *Commonwealth v. Schnabel*, 236 Pa.Super. 280, 344 A.2d 896 (1975), held that the Commonwealth failed to establish that appellant-lessor engaged in a "course of conduct" of harassment by the *single act* of cutting the complainant-lessee's water hose. In so doing, it is important to note that the *Schnabel* Court embraced the definition that " ' "course of conduct" is more than an isolated verbal or physical act. It is a pattern of conduct composed of same or similar acts repeated over a period of time, however short, which establishes a continuity of purpose in the mind of the actor.' " (Citation omitted) *Id.* at 283, 344 A.2d at 898. Such definition undermines the appellant's contention that the reviewing court is precluded from examining the testimony elicited regarding matters that occurred prior to August 5, 1975, the date of the complained of conduct.

*Id.*, 299 Pa.Superior Ct. at 534, 445 A.2d at 1257–58 (emphasis in original).

The trial court, thus, in the case *sub judice*, properly looked to evidence of appellant's repeated actions leading up to August 17, 1986, as well as his repetitious conduct on that date, and found a course of conduct existed. Also, the court properly determined the appellant's conduct did seriously annoy the victim and served no legitimate purpose.

Appellant's argument that *Commonwealth v. Burton*, 299 Pa.Super. 147, 445 A.2d 191 (1982) is applicable to this case is misplaced, since we were unable to find in *Burton* any intention of the appellant to harass, annoy or alarm the complainant, whereas in the case before us, such a intention can clearly be inferred. We accordingly find no error on the part of the trial court.

Judgment of sentence affirmed.