J-S08025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARVIN JACKSON | |
| Appellant | No. 1837 EDA 2014 |

Appeal from the PCRA Order of May 13, 2014
In the Court of Common Pleas of Chester County
Criminal Division at No.: CP-15-CR-0001431-2006

BEFORE:  DONOHUE, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.:                    **FILED FEBRUARY 17, 2015**

Marvin Jackson appeals *pro se* from the order dismissing his second petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

On November 14, 2006, a jury convicted Jackson of two counts each of delivery of cocaine, possession of cocaine, possession of drug paraphernalia, and criminal use of a communication facility.[1]  On April 27, 2007, the trial court sentenced Jackson to an aggregate sentence of not less than ten nor more than twenty years' incarceration.  Jackson waived counsel and appealed *pro se*, and this Court affirmed the judgment of sentence on

---

[1]    35 P.S. § 780-113(a)(30), 35 P.S. § 780-113(a)(16), 35 P.S. § 780-113(a)(32), and 18 Pa.C.S.A. § 7512(a), respectively.

August 30, 2010.  Our Supreme Court denied review on March 3, 2011.  ***See***

***Commonwealth v. Jackson***, 11 A.3d 1042 (Pa. Super. 2011) (unpublished

memorandum), *appeal denied*, -- A.3d ---, 2011 Pa. Lexis 510 (Pa. 2011).

On August 31, 2011, Jackson filed a first, *pro se* PCRA petition.  The

PCRA court appointed counsel, who petitioned to withdraw from

representation pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa.

1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

After providing notice to Jackson pursuant to Pa.R.Crim.P. 907, the PCRA

court dismissed the petition and granted counsel's petition to withdraw on

May 30, 2012.  Jackson did not appeal the dismissal, but filed an untimely

"objection" on July 3, 2012, which the PCRA court denied as moot.

Jackson filed the instant, second *pro se* PCRA petition on February 24,

2014.  The PCRA court provided notice of its intent to dismiss the petition

without a hearing pursuant to Rule 907 on April 15, 2014.  In its notice, the

court provided Jackson twenty days to respond.  On May 13, 2014, having

received no response from Jackson, the PCRA court dismissed the petition.

On June 23, 2014, Jackson filed notice of appeal in this Court.[2]

---

[2] We observe that Jackson's notice of appeal needed to be mailed by June 12, 2014 to be considered timely filed.  Pursuant to the "prisoner mailbox rule," filings by *pro se* appellants are deemed filed on the date that the prisoner deposits the appeal with prison authorities or places it in a prison mailbox.  ***See Commonwealth v. Feliciano***, 69 A.3d 1270, 1274 (Pa. Super. 2013).  Furthermore, Rule of Appellate Procedure 902 provides:

**Rule 902.  Manner of Taking Appeal**

*(Footnote Continued Next Page)*

On June 26, 2014, the PCRA court directed Jackson to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). By mail dated July 14, 2014, Jackson sent a Rule 1925(b) statement to the PCRA court's chambers, but never filed the statement with the clerk of courts.

On July 24, 2014, the PCRA court entered an order noting the discrepancy and asserting that Jackson had waived his issues on appeal. Thereafter, on August 25, 2014, in a *per curiam* order, this Court directed Jackson to show cause why his appeal should not be quashed as untimely filed. Jackson responded in an "Answer to Show Cause" dated September 4,

*(Footnote Continued)* ———————

> An appeal permitted by law as of right from a lower court to an appellate court shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by Rule 903 (time for appeal). Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken.

Pa.R.A.P. 902. Thus, Jackson erred by attempting to file the "P.C.R.A. Appeal," dated June 9, 2014, with the Superior Court. The prothonotary properly directed him to refile the notice of appeal with the clerk of court in a letter dated June 16, 2013. Although Jackson's subsequent notice of appeal was properly but untimely filed on June 23, 2014, his original notice of appeal, although misdirected, was filed within the thirty-day window. Thus, pursuant to our discretion under Rule 902, we shall "regard as done that which ought to have been done," and decline to quash Jackson's appeal for failure to timely file a notice of appeal in the court of common pleas. ***Commonwealth v. Howard***, 659 A.2d 1018, 1021 n.12 (Pa. Super. 1995).

2014 (filed September 10, 2014). In it, he did not address his concise statement; he contended that he timely filed a notice of appeal on June 11, 2014, but that the Superior Court had returned the appeal unfiled because it did not have jurisdiction. Subsequently, he resent the notice of appeal to the clerk of court in Chester County on June 19, 2014, filed June 23, 2014. *See* Answer to Show Cause at 2.

Jackson raises two questions for our review:

1. Does a conviction obtained through false testimony and/or perjury violate [Jackson's] Constitutional Right to fair trial?

2. Does a conviction obtained through false testimony and/or perjury result in a violation of [Jackson's] 5th and 14th Amend. Rights to Due Process and a fair trial?

Jackson's Brief at 1.

[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

*Commonwealth v. Charleston*, 94 A.3d 1012, 1019 (Pa. Super. 2014) (citation omitted). "[W]e may affirm the PCRA court's decision on any basis." *Id.* at 1028.

"As a threshold jurisdictional matter, however, the timeliness of the PCRA petition must be addressed." *Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

Any petition under [the PCRA], including a second or subsequent petition, shall be filed within one year of the date the judgment

- 4 -

becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A § 9545(b)(1).

Here, Jackson's judgment of sentence became final on June 1, 2011, when the time for petitioning the United States Supreme Court for certiorari expired. The instant petition was filed on February 24, 2014, more than one year and eight months after the one-year time bar enumerated at 42 Pa.C.S.A. § 9545(b)(1). Thus, his petition is untimely on its face.

However, even if Jackson could establish the jurisdictional basis for our review, he cannot plead and prove an exception to the time bar because he has waived his issues on appeal for failure to properly file a Rule 1925(b) statement.

Pursuant to Rule 1925(b), "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii).

"It is well settled that simply depositing a motion in a judge's chambers is not filing. . . . Therefore, while the prisoner mailbox rule uses the term 'filed,' the document must at least be addressed to a proper filing office within the Unified Judicial System in order to complete the filing." *Commonwealth v. Crawford*, 17 A.3d 1279, 1282 (Pa. Super. 2011) (citation omitted); *see also Commonwealth v. Tedesco*, 550 A.2d 796, 798 (Pa. Super. 1988).

Our review of the certified record confirms that Jackson never filed his Rule 1925(b) statement with the clerk of courts. *See Commonwealth v. Edwards*, 71 A.3d 323, 324 n.1 (Pa. Super. 2013) ("It is axiomatic that an appellate court is limited to considering only those facts which have been duly certified in the record on appeal and, for purposes of appellate review, what is not of record does not exist."). Thus, mailing a statement to the PCRA court's chambers does not constitute a valid filing and, therefore, because no Rule 1925(b) statement was timely filed, Jackson has waived all of his issues on appeal. *Crawford*, 17 A.3d at 1282; *see also* Pa.R.A.P. 1925(b)(4)(vii). Consequently, we affirm the PCRA court's order dismissing his petition. *See Charleston*, 94 A.3d at 1028.

Order affirmed.

Judge Donohue joins the memorandum.

Judge Jenkins concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/17/2015