J. A03040/17

2017 PA Super 81

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CRYSTAL LYNN WANNER, :
:
Appellant : No. 1098 MDA 2016

Appeal from the Judgment of Sentence June 14, 2016
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-SA-0000100-2016

BEFORE: LAZARUS, J., STABILE, J., and DUBOW, J.

OPINION BY DUBOW, J.:                          **FILED MARCH 28, 2017**

Appellant, Crystal Lynn Wanner, appeals from the June 14, 2016

Judgment of Sentence imposed in the Cumberland County Court of Common

Pleas following her conviction at a bench trial of one count of Defiant

Trespass – Actual Communication.[1]  After careful review, we affirm.

The trial court summarized the facts underlying this case as follows:

On January 26, 2016, [Appellant and her co-defendant] rang the
doorbell of a fur shop known as Charles Exclusive Furriers.
When the shop owner came to the door, they told her [that]
they were curious about the shop's products.  She allowed them
to enter.  After entering the shop, they began touching the furs
[and] asking questions about the furrier process.  Suddenly,
their "tone" changed, as they began referencing the Bible and
asking the shop owner if she thought she was God.  At that

---

[1] 18 Pa.C.S. § 3503(b)(1)(i).  Although not relevant to the instant case, we
note that our Supreme Court recently held that Sections 3503(b.1)(1)(iv)
and (b.1)(2), regarding secondary metals, were enacted in violation of the
Pennsylvania Constitution's single-subject rule and are, therefore,
unconstitutional. **See Leach v. Commonwealth**, 141 A.3d 426 (Pa. 2016).

point, the shop owner asked them to leave. She repeated the request multiple times but they would not go.

Something akin to a scuffle occurred as the owner attempted to usher [Appellant and her co-defendant] from the shop area into the lobby. During the scuffle, [Appellant] thrust her cell phone into the shop owner's face. The owner somehow got possession of both [Appellant and her co-defendant's] phones as she ushered them outside the shop and into the lobby. Another scuffle ensued after they were all in the lobby as the owner tried to lock the shop door behind her. After she was eventually able to get the door locked, she ran up the steps to the office to call the police. [Appellant and her co-defendant] ran screaming behind her. They were still in the lobby when the police arrived.

Trial Court Opinion, filed 9/15/16, at 1-2 (unpaginated) (footnotes with citations to the record omitted).

Appellant and her co-defendant were charged with Defiant Trespass – Actual Communication, graded as a summary offense.[2] On March 31, 2016, Cumberland County Magisterial District Judge Elizabeth S. Beckley found Appellant and her co-defendant guilty of Defiant Trespass – Actual Communication, and sentenced Appellant to pay fines, costs, and restitution in the amount of $419.

Appellant and her co-defendant filed timely appeals, and on June 14, 2016, the Cumberland County Court of Common Pleas held a trial *de novo*. President Judge Edward E. Guido found Appellant and her co-defendant

---

[2] Defiant Trespass – Actual Communication is defined as follows: "A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by . . . actual communication to the actor[.]" 18 Pa.C.S. § 3503(b)(1)(i).

guilty of Defiant Trespass – Actual Communication, and sentenced both defendants to 90 days of probation as well as the cost of prosecution and a $200 fine.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant purports to raise a single issue, namely, "Did Appellant have the *mens rea* to commit the crime of trespass?" Appellant's Brief at 4. However, the Argument portion of Appellant's Brief raises two distinct theories of relief, improperly jumbled into a single argument section.[3] The two issues actually raised are as follows: (i) Appellant is entitled to relief under an applicable affirmative defense to Defiant Trespass; and (ii) the evidence was insufficient to establish the offense of Defiant Trespass because Appellant lacked the requisite *mens rea*. We address each argument in turn.

---

[3] "The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a).

**Affirmative Defense**

Appellant avers that there is a statutory affirmative defense to Defiant Trespass that is applicable in the instant case.[4]  Appellant's Brief at 8-11. Appellant waived this claim by failing to raise it before the trial court and preserve it in her Pa.R.A.P. 1925(b) Statement.

"Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."  Pa.R.A.P. 302(a).  This requirement bars an appellant from raising "a new and different theory of relief" for the first time on appeal.  *Commonwealth v. York*, 465 A.2d 1028, 1032 (Pa. Super. 1983).

In addition, our Supreme Court has made it clear that "[a]ny issues not raised in a [Rule] 1925(b) [S]tatement will be deemed waived." *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (citation and quotation omitted).  *See also* Pa.R.A.P. 1925(b)(4)(ii) ("The [1925(b)] Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge").

In the instant case, Appellant failed to raise the affirmative defense at any point during her trial *de novo*.  Moreover, her Rule 1925(b) Statement

---

[4] "It is a defense to prosecution under this section that . . . the premises were at the time open to members of the public and the actor complied with all lawful conditions imposed on access to or remaining in the premises[.]" 18 Pa.C.S. § 3503(c)(2).

preserved only the following two issues, neither of which includes the affirmative defense:

> There is no criminal culpability in that the evidence was legally insufficient to support a criminal conviction for Trespass, beyond a reasonable doubt, in that [Appellant]:
>
> 1. Did not have the *mens rea* to commit said crime and;
>
> 2. That [Appellant] left the fur shop, which had been locked and secured by the employee, and remained in an outside vestibule of the locked shop waiting for the police because the shop employee had physically confiscated her cell phone for the purpose of making her stay at the scene.

Pa.R.A.P. 1925(b) Statement, filed 7/28/16. Therefore, Appellant waived her affirmative defense claim by failing to present it to the trial court, and for failing to include the claim in her Rule 1925(b) Statement.

### *Mens Rea*

Appellant next avers that the evidence was insufficient to establish that she had the requisite *mens rea* required to sustain a conviction for Defiant Trespass. In reviewing the sufficiency of the evidence, our standard of review is as follows:

> The standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom is sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. The Commonwealth may sustain its burden of proving every element beyond a reasonable doubt by means of wholly circumstantial evidence.
>
> The facts and circumstances established by the Commonwealth need not preclude every possibility of

> innocence. Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record. Therefore, we will not disturb the verdict unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

***Commonwealth v. Vogelsong***, 90 A.3d 717, 719 (Pa. Super. 2014) (citations and quotations omitted).

Defiant Trespass is defined, in relevant part, as follows: "A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by . . . actual communication to the actor[.]" 18 Pa.C.S. § 3503(b)(1)(i). "Thus in order to establish a violation it is necessary to prove that the defendant: 1) entered or remained upon property without a right to do so; 2) while **knowing** that he had no license or privilege to be on the property; and 3) after receiving direct or indirect notice against trespass. The crime of defiant trespass thus includes an element of intent or *mens rea*." ***Commonwealth v. Namack***, 663 A.2d 191, 194 (Pa. Super. 1995) (emphasis in original). Therefore, a defendant who entered a property with a *bona fide*, good faith, but mistaken belief that he was entitled to be there cannot be convicted of Defiant Trespass. ***Id.*** at 194-95 (reversing a conviction for Defiant Trespass where appellant's attorney had advised him that he was entitled to continue to use a trail on complainant's property even over complainant's objections).

In her Brief to this Court, Appellant makes two related *mens rea* arguments. First, she essentially asks this Court to re-weigh the conflicting testimony presented at trial, arguing that Appellant lacked the necessary *mens rea* to commit Defiant Trespass because "Appellant and her co-defendant left the fur shop at the request of the complainant . . . ." Appellant's Brief at 14. However, the trial court, as fact finder, found credible the complainant's testimony that:

> [Appellant and her co-defendant] gained access to the premises on the false pretense that they were customers. It was apparent that their true reason for being there was to confront the owner about her business of selling animal furs. When that true purpose became clear, the owner told them to leave. **Despite multiple commands, they refused.** Not only would they not leave, but [Appellant] began to accost the owner with her cell phone. They resisted the owner's efforts to get them out of the store. They also attempted to prevent her from closing and locking the door between the lobby and the shop. They remained in the lobby until the police arrived.

Trial Court Opinion, filed 9/15/16, at 3 (unpaginated) (footnotes with citations to the record omitted; emphasis added). As the evidence supporting this conclusion is not "so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances[,]" we will not disturb the verdict on those grounds. ***Vogelsong, supra*** at 719.

Finally, Appellant relies on ***Commonwealth v. Burton***, 445 A.2d 191 (Pa. Super. 1982), to argue that their delay in leaving the shop was excused by the fact that the shop owner confiscated their phone. This reliance is

misplaced. In **Burton**, the landlord of a boarding home told the defendant to leave and attempted to force the defendant to exit through the back porch door, which was being blocked by a large dog. **Id.** at 192. The defendant told the landlord that he was afraid of the large dog, and attempted to leave by going through the house towards the front door. **Id.** at 193. The landlord chased the defendant, grabbed him, and attempted to force him back towards the rear door. **Id.** After a scuffle, Appellant broke free and escaped through the front door, away from the dog. **Id.** On appeal, we found that Appellant attempted to comply with the request to leave, and that his decision to remain in the house longer in order to leave through the front door was not "an unexpected action, as no other reasonable alternative for exit was presented to him." **Id.**

Appellant attempts to analogize the instant case to **Burton**, arguing that the shop owner's act of confiscating Appellant's phone made it reasonable for her to remain in the lobby of the shop until police arrived. However, as the trial court pointed out:

> [T]his argument fails for two reasons. In the first instance, the crime was complete before the cell phones had been wrested from [Appellant and her co-defendant]. The owner had revoked their privilege to remain in the store by telling them to leave numerous times. However, they refused. Furthermore, [the trial court, as fact-finder,] did not believe that they refused to leave only because the owner had taken their phones. It was clear that their refusal to leave was part of their plan to harass the shop owner because of her business.

Trial Court Opinion, filed 9/15/16, at 3 (unpaginated).

Based on all of the foregoing, and viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude that the Commonwealth presented sufficient evidence to sustain Appellant's conviction for Defiant Trespass where the evidence shows that Appellant and her co-defendant: (i) remained inside the fur store without the right to do so; (ii) knowing that they did not have the right to do so; and (iii) after the owner of the store directly and repeatedly told the two women to leave the store. Accordingly, Appellant is not entitled to relief on this claim.

Judgment of Sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2017