J-S53045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOUIS ANGEL GONZALEZ, | : | |
| | : | |
| Appellant | : | No. 1337 EDA 2019 |

Appeal from the Judgment of Sentence Entered February 19, 2019
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003907-2018

BEFORE: OLSON, J., STABILE, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                     **FILED NOVEMBER 13, 2019**

Appellant Louis Angel Gonzalez appeals from the judgment of sentence imposed following his guilty plea to receiving stolen property.[1] Appellant argues that the restitution portion of his sentence is illegal. We vacate Appellant's sentence and remand for resentencing.

The trial court opinion set forth the relevant facts of this appeal as follows.

> [Appellant's] conviction stemmed from an incident that occurred on or about August 17, 2018 at the BB&T Bank located at 850 Commons Drive, West Sadsbury Township. . . . Approximately [$2,755.88] was taken from the bank when [Appellant] cashed a computer-generated counterfeit check, made payable to [Appellant] from a compromised account.

Trial Ct. Op., 6/28/19, at 2.

---

[1] 18 Pa.C.S. § 3925(a).

On February 19, 2019, Appellant executed a written guilty plea colloquy for the offense of receiving stolen property. In relevant part, the written colloquy indicated that the Commonwealth agreed to a sentence of time served to eighteen months' imprisonment. The colloquy included a handwritten notation that restitution was "payable per judge's order not to exceed $2,755.88." Written Colloquy, 2/19/19, at 3. The Commonwealth further agreed to withdraw all remaining charges in exchange for Appellant's plea.

Also on February 19, 2019, the trial court conducted an oral colloquy. During the oral colloquy, Appellant's counsel clarified the issue surrounding the imposition of restitution:

THE COURT: Now, it says restitution payable per judge's order. Does that mean I have to have a hearing to determine the amount of the restitution?

[Appellant's Counsel]: No, your Honor. We're just asking you to make a determination if [Appellant] owes it or not. And then based on that decision, we can decide what we have to do. We're not looking for a restitution hearing.

N.T., 2/19/19, at 19. Thereafter, Appellant's counsel made the following argument opposing the imposition of restitution:

I believe this criminal incident happened August of 2018. At that point, **Commonwealth vs. Veon**[, 150 A.3d 435 (Pa. 2016),] was the prevailing law in the land, saying that restitution could not be ordered to a company. In this case, a bank would fit that bill.

And just because they have now fixed that with legislation in October of 2018 doesn't rectify the fact that it was the prevailing

law.[2]   [I] think it's *ex post facto*, and I would ask that you not order it, please, your Honor.

***Id.*** at 25-26.

At the conclusion of the oral colloquy, the trial court accepted Appellant's negotiated guilty plea. The trial court imposed the agreed-upon sentence of time served to eighteen months' imprisonment. The trial court also ordered Appellant to pay $2,755.88 in restitution to BB&T Bank. In a separate order also entered on February 19, 2019, the trial court granted Appellant's immediate release on parole.

The Court of Common Pleas docket entries do not indicate that Appellant filed a post-sentence motion with the clerk of courts.[3]  The trial court, however, entered an order denying a post-sentence motion on March 29, 2019. In its order, the trial court repeated its conclusion from the sentencing hearing that "BB&T Bank does qualify as a person entitled to restitution," pursuant to Section 1106. Order, 3/29/19. The trial court subsequently

---

[2] Section 1106 of the Crimes Code governs the imposition of restitution. Effective October 24, 2018, the Pennsylvania General Assembly amended the statute to reflect that a "business entity" could be a "victim" entitled to restitution. ***See*** 18 Pa.C.S. § 1106(h). We emphasize that "this Court has already held that these specific amendments to [Section] 1106 should not be effective in criminal cases that began before the effective date of the legislation. . . ." ***Commonwealth v. Hunt***, ___ A.3d ___, 2019 PA Super 296, 2019 WL 4783495, *3 (Pa. Super. filed Oct. 1, 2019) (citing ***Commonwealth v. Tanner***, 205 A.3d 388, 396 n.7 (Pa. Super. 2019)).

[3] Appellant claims that he filed his post-sentence motion, but it "was lost by all parties in the matter, with no record of the date it was submitted." Appellant's Brief at 5 n.1. The Commonwealth does not dispute Appellant's contention. ***See*** Commonwealth's Brief at 2-3.

entered an order to clarify that Appellant timely submitted a post-sentence motion "to chambers only within 10 days of Appellant's guilty plea and sentence on February 19, 2019." Order, 5/10/19 (footnote omitted). The trial court's order included a copy of Appellant's post-sentence motion as an attachment.

Appellant filed a notice of appeal on April 26, 2019.[4] The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, which Appellant timely filed on May 13, 2019. The

---

[4] If a defendant files a timely post-sentence motion, the notice of appeal must be filed within thirty days of the entry of the order deciding the motion. Pa.R.Crim.P. 720(A)(2)(a). Absent a timely post-sentence motion, the notice of appeal shall be filed within thirty days of imposition of sentence. Pa.R.Crim.P. 720(A)(3). Here, the record indicates that Appellant did not timely file a post-sentence motion with the clerk of courts. *See Commonwealth v. Laskaris*, 561 A.2d 16, 19 (Pa. Super. 1989) (plurality) (explaining that "[d]ocuments in criminal matters must be filed with the Clerk of Courts, as required by 42 Pa.C.S.A. § 2756(a)(1)"); *see also Commonwealth v. Tedesco*, 550 A.2d 796, 798 (Pa. Super. 1988) (stating that even if local custom requires a copy of a motion to be filed with the trial judge, the original must still be filed with the clerk of courts in timely fashion). Here, however, the record reveals that (1) Appellant raised his challenge to the imposition of restitution at the sentencing hearing; (2) Appellant served a copy of the post-sentence motion to the trial judge within ten days of the sentencing hearing; (3) the trial court considered the motion to be timely submitted and addressed it on the merits; (4) Appellant filed a notice of appeal within thirty days of the order deciding the motion; and (5) the trial court subsequently entered an order to clarify the procedural history of the matter, which included a copy of the post-sentence motion as an attachment. Under the narrow circumstances of this case, we will engage in a review of the merits of Appellant's appeal. *See Tedesco*, 550 A.2d at 798 (reviewing the merits of the appeal, even though the defendant did not properly file his post-verdict motion with the clerk of court within ten days of sentencing, where the defendant presented the motion to the trial judge in chambers and the judge characterized the motion as "timely").

trial court filed a responsive opinion, reiterating that BB&T Bank qualifies as a "person" entitled to restitution under Section 1106. *See* Trial Ct. Op. at 7.

Appellant now raises two questions for our review:

[1.] Was the order for restitution unconstitutional pursuant to the Pennsylvania Supreme Court's holding in *Commonwealth v. Veon*, 150 A.3d 435 (Pa. 2016)?

[2.] Does the restitution requirement imposed by judgment of sentence constitute *ex post facto* implementation of 18 Pa.C.S. § 1106?

Appellant's Brief at 4.

In his first issue, Appellant contends that he committed his offense on August 16, 2018, and the version of Section 1106 in effect on that date governs the propriety of restitution in this case. *Id.* at 9. Appellant insists that the *Veon* Court interpreted the word "victim" in the prior version of Section 1106 to mean "individuals" or "human beings," but not business entities. *Id.* at 24. Appellant acknowledges that our legislature subsequently amended Section 1106, expanding the definition of victim to include business entities. *Id.* "This amendment, however, took effect on October 24, 2018, months after [Appellant's] offense occurred under the old statute." *Id.* Appellant concludes that the trial court erred by ordering him to pay restitution to the bank because the trial court's order violated the holding in *Veon*. *Id.* at 18-19.

The relevant standard and scope of review are as follows:

We note that in the context of criminal proceedings, an order of restitution is not simply an award of damages, but, rather, a

sentence. As such, an appeal from an order of restitution based upon a claim that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing. Accordingly, the determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary. This case will also necessarily call upon us to engage in statutory construction, which similarly presents a pure question of law and also implicates the legality of [the] sentence. Thus, our standard of review is *de novo* and our scope of review is plenary.

***Hunt***, \_\_\_ A.3d at \_\_\_, 2019 WL 4783495 at \*2 (citations and internal alterations omitted).

The version of Section 1106 in effect at the time of Appellant's offenses provided, in pertinent part, as follows:

> **(a) General rule.**—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, . . . or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.
>
> \* \* \*
>
> **(c) Mandatory restitution.**—
>
> > (1) The court shall order full restitution:
> >
> > > (i) Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss. . . .
> > >
> > > (ii) If restitution to more than one person is set at the same time, the court shall set priorities of payment. However, when establishing priorities, the court shall order payment in the following order:
> > >
> > > > (A) The victim.
> > > >
> > > > (B) The Crime Victim's Compensation Board.

(C) Any other government agency which has provided reimbursement to the victim as a result of the defendant's criminal conduct.

(D) Any insurance company which has provided reimbursement to the victim as a result of the defendant's criminal conduct.

\*     \*     \*

**(h) Definitions.—**As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

\*     \*     \*

**"Victim."** As defined in section 479.1 of the act of April 9, 1929 (P.L. 177, No. 175), known as The Administrative Code of 1929. The term includes the Crime Victim's Compensation Fund if compensation has been paid by the Crime Victim's Compensation Fund to the victim and any insurance company that has compensated the victim for loss under an insurance contract.

18 Pa.C.S. § 1106(a), (c), and (h) (repealed Oct. 24, 2018, P.L. 891, No. 145, § 1, effective Jan. 31, 2005) (internal footnote omitted).

Regarding the statutory reference in the definitions section, "Section 479.1, formerly codified at 71 P.S. § 180–9.1, since has been recodified in the Crime Victims Act, 18 P.S. §§ 11.101, *et seq.* (the 'CVA')." **Veon**, 150 A.3d at 449 (citation omitted). The CVA defines "victim" as follows:

(1) A direct victim.

(2) A parent or legal guardian of a child who is a direct victim, except when the parent or legal guardian of the child is the alleged offender.

(3) A minor child who is a material witness to any of the following crimes and offenses under 18 Pa.C.S. (relating to crimes and

offenses) committed or attempted against a member of the child's family:

> Chapter 25 (relating to criminal homicide).

> Section 2702 (relating to aggravated assault).

> Section 3121 (relating to rape).

> (4) A family member of a homicide victim, including stepbrothers or stepsisters, stepchildren, stepparents or a fiance, one of whom is to be identified to receive communication as provided for in this act, except where the family member is the alleged offender.

18 P.S. § 11.103. "A '[d]irect victim' is defined by the same section as '[a]n **individual** against whom a crime has been committed or attempted and who as a direct result of the criminal act or attempt suffers **physical or mental injury, death** or the **loss of earnings** under this act.'" *Veon*, 150 A.3d at 449 (emphases in original).

In *Veon*, our Supreme Court's review of the relevant statutes, legislative histories, and prior case law led to its holding that a government agency, the Pennsylvania Department of Community and Economic Development, was "neither a 'direct victim' nor a reimbursable compensating government agency under Section 1106." *Id.* at 455 (footnote omitted). Importantly, the Supreme Court scrutinized the language in Section 11.103 and determined that it applied to human beings only:

> Notwithstanding any legislative expansion of the definition of "victim," it is clear that the plain text of Section 11.103 still envisages "victims" as "persons" commonly understood. A "victim" under Section 11.103 must be "a direct victim," *i.e.*, an "individual" who has suffered injury, death, or loss of earnings; or a "child," "parent," "guardian," or "family member." Every relevant noun unequivocally describes a human being, not a

government agency, and nowhere else is there a relevant definition that persuades us to broaden the common understanding of these words.

*Id.* at 454.

In light of the holding in **Veon**, this Court subsequently concluded that

the inter-related definitions of "direct victim," "individual," and "natural person" pursuant to the pre-amendment version of [Section] 1106 **do not include corporate entities**. . . . Such a conclusion is necessitated by a plain reading of these statutes, and has the additional virtue of giving full weight to the Supreme Court's discussion of these same provisions in **Veon**.

**Hunt**, ___ A.3d at ___, 2019 WL 4783495 at *7 (footnotes omitted and emphasis added).

Instantly, the trial court ordered Appellant to pay restitution to BB&T Bank. Based upon this Court's holding in **Hunt**, the definition of "victim" under the pre-amendment version of Section 1106 does not include a corporate entity such as BB&T Bank. Therefore, the restitution portion of Appellant's sentence is illegal, and we vacate that portion of Appellant's judgment of sentence. **See Veon**, 150 A.3d at 453; **Hunt**, ___ A.3d at ___, 2019 WL 4783495 at *7. Accordingly, we remand this case for resentencing consistent with this decision.[5]

Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

---

[5] Due to our disposition, we need not address Appellant's second issue.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 11/13/2019*