J-A24023-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
  :
v.   :
  :
  :
  :
DANIEL J. SALINAS   :
  :
Appellant   :   No. 1032 EDA 2023

Appeal from the Judgment of Sentence Entered March 8, 2023
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-SA-0000046-2022

BEFORE:  STABILE, J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:       **FILED DECEMBER 28, 2023**

Appellant, Daniel Salinas, appeals from the March 8, 2023, judgment of sentence entered in the Court of Common Pleas of Pike County following his conviction for Harassment.[1]  Appellant challenges the sufficiency and weight of the evidence underlying his conviction.[2]  After careful review, we vacate Appellant's Harassment conviction.

**A.**

We glean the following facts and procedural history from the certified record.  Appellant, Appellant's father Ramon, and victim Joseph DiPietro live

---

[1] 18 Pa.C.S. § 2709(a)(3).

[2] We note that Appellant's father Ramon Salinas has also appealed his Harassment conviction arising from the same incident.  His case is before this Court at Docket Number 866 EDA 2023.

in the same gated community. Appellant lives next door to Mr. DiPietro, while his father lives a half-mile away.

On the morning of May 9, 2022, Mr. DiPietro was jogging around the lake in the community, while Appellant's father was driving with Appellant in the car. At approximately 11:47 AM, Appellant and his father passed Mr. DiPietro. After passing him, Appellant's father turned around and drove past him again a minute and a half later. When they passed Mr. DiPietro the second time, Appellant's father yelled, "you should sell your F'ing house and move, this is only going to get worse for you and your family." Appellant then yelled, "you better move or I will F your daughter in the A." N.T. Trial, 3/8/23, at 6.

Mr. DiPietro called the police, and Pennsylvania State Trooper Bradley Emerick responded. After speaking with Mr. DiPietro, Trooper Emerick issued citations for Harassment to both Appellant and his father.

After a proceeding on August 18, 2022, a magistrate judge convicted both Appellant and his father of Harassment, a summary offense. Both appealed, which entitled them to a trial *de novo* in the Court of Common Pleas. They proceeded to a consolidated bench trial on March 8, 2023.

At trial, Mr. DiPietro and Trooper Emmerick testified in accordance with the above facts. Appellant and his father also testified. During his testimony, Appellant's father stated that he was driving Appellant to work in Appellant's SUV. He testified that they saw Mr. DiPietro jogging, but that they did not speak to him. Appellant's testimony confirmed his father's account.

The Court of Common Pleas convicted both Appellant and his father of Harassment. The same day, the court sentenced Appellant to pay a fine of $300.

**B.**

Appellant timely filed a Notice of Appeal. Both he and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

I. Did the Commonwealth fail to produce sufficient evidence to support the Harassment conviction where it failed to establish that [Appellant] committed a series of acts to support the "course of conduct" element of the Harassment charge?

II. Was the conviction against the weight of the evidence where evidence was produced that [Appellant] was not near Joseph DiPietro at the time the alleged harassment occurred?

Appellant's Br. at 4.

**C.**

Appellant first challenges the sufficiency of the evidence supporting his Harassment conviction. In addressing this challenge, our well-settled standard of review is *de novo*, and our scope of review is limited to the evidence admitted at trial viewed in the light most favorable to the Commonwealth as verdict winner. ***Commonwealth v. Rushing***, 99 A.3d 416, 420-21 (Pa. 2014). We determine "whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all elements of the offense beyond a reasonable doubt." ***Commonwealth v.***

*May*, 887 A.2d 750, 753 (Pa. 2005). The Commonwealth "can meet its burden by wholly circumstantial evidence[.]" *Commonwealth v. Benito*, 133 A.3d 333, 335 (Pa. Super. 2016) (citation omitted).

The factfinder, "while passing on the credibility of the witnesses and the weight of the evidence[,] is free to believe all, part, or none of the evidence." *Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017). "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact[]finder." *Id*.

Instantly, to sustain a conviction for Harassment, the Commonwealth must prove that the defendant, "with intent to harass, annoy or alarm another, the person: engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose."[3] 18 Pa.C.S. 2709(a)(3).

A course of conduct is a "pattern of actions composed of more than one act over a period of time, however short, evidencing a continuity of conduct. The term includes . . . threatening or obscene words . . . or actions[.]" 18 Pa.C.S. 2709(f). A course of conduct "is more than an isolated verbal or physical act. It is a pattern of conduct composed of same or similar acts repeated over a period of time, however short, which establishes a continuity of purpose in the mind of the actor." *Commonwealth v. Tedesco*, 550 A.2d 796, 799–800 (Pa. Super. 1988) (citation omitted).

---

[3] 18 Pa.C.S.§2709(a)(3), the subsection of Harassment charged in this case, is the only subsection of the Harassment offense that requires proof of a course of conduct.

\*

Appellant asserts that the Commonwealth's evidence was insufficient to establish a course of conduct. Appellant's Br. at 12-17. In support, he maintains that he only took a single action, making one statement to Mr. DiPietro, which does not constitute a course of conduct. *Id*. at 14. Finally, he maintains that the "mere act of being a passenger in a vehicle driving past Joseph DiPietro was a separate innocuous act" that did not establish a course of conduct. *Id*. at 14. We agree.

Our review of the record indicates that the Commonwealth's evidence, believed by the trial court, establishes that the only action Appellant took was shouting one reprehensible threat at Mr. DiPietro. N.T. Trial at 6. Appellant, as the passenger, was not the one who turned the car around to pass Mr. DiPietro a second time. Pursuant to the legal authority cited above, one action does not equate to a "course of conduct" so as to sustain a Harassment conviction.

The Commonwealth has, thus, failed to prove an element of the crime beyond a reasonable doubt and the evidence was insufficient as a matter of

law to sustain Appellant's conviction. Accordingly, we vacate Appellant's Harassment conviction.[4, 5]

**D.**

In sum, we conclude that the evidence is insufficient to sustain Appellant's conviction for Harassment. Accordingly, we vacate Appellant's conviction and the judgment of sentence.

Conviction vacated. Judgment of Sentence vacated. Jurisdiction relinquished.

_____

[4] The Commonwealth argues that this Court should affirm Appellant's conviction based on a theory of accomplice liability. Specifically, it maintains that we should impute liability for his father's actions—turning the car around to pass Mr. DiPietro a second time and shouting his own threat—to Appellant. Commonwealth's Br. at 9. However, the Commonwealth raised this theory for the first time on appeal and failed to present any evidence supporting it at trial. Specifically, the Commonwealth presented no evidence that Appellant solicited or aided his father's conduct of driving past Mr. DiPietro a second time or shouting a threat and no evidence that either Appellant or his father "intended to aid or promote the underlying offense of [H]arassment of the other." Appellant's Br. at 16. *See* 18 Pa.C.S. § 306(c); ***Commonwealth v. Chambers***, 188 A.3d 400, 415 (Pa. 2018) (citations omitted) (explaining that a person is an accomplice, and "equally criminally liable for the acts of another[,] if he acts with the intent of promoting or facilitating the commission of an offense and agrees, aids, or attempts to aid such other person in either planning or committing that offense."); ***Commonwealth v. Murphy***, 844 A.2d 1228, 1234 (Pa. 2004) (citations omitted) (explaining that to establish accomplice liability, there must be evidence that the defendant was not merely present, but rather (1) "intended to aid or promote the underlying offense" and (2) "actively participated in the crime by soliciting, aiding, or agreeing to aid the principal.").

[5] In light of our disposition, we decline to address Appellant's second issue raising a challenge to the weight of the evidence.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/28/2023