J-S48033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FREDIL OMAR RODRIGUEZ FUENTES, | |
| Appellant | No. 1858 MDA 2016 |

Appeal from the PCRA Order October 4, 2016
in the Court of Common Pleas of Northumberland County
Criminal Division at No.: CP-49-CR-0000657-2005

BEFORE: OTT, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 27, 2017**

Appellant, Fredil Omar Rodriguez Fuentes, appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We take the following background from our independent review of the certified record and this Court's decision in Appellant's direct appeal.

> [Appellant's] conviction follows a bizarre incident in which he stabbed his next door neighbor [thirty-seven] times with her own kitchen knives. In his confession, [Appellant] stated that the victim . . . stepped out onto her front porch on the morning of June 10, 2005, wearing only her undergarments. When she saw [Appellant], who was outside smoking, she asked if he was locked out of his home or if he needed to use a telephone. [Appellant] responded no to both questions and [the victim] turned and went into her house. For reasons not established by

---

[*] Retired Senior Judge assigned to the Superior Court.

the record, [Appellant] followed [the victim] into her home and, when [she] attempted to ward him off with a knife, [Appellant] punched her, disarmed her, and then stabbed her multiple times. He first used the knife he had taken from her and then others that he took from the kitchen, as some of the knife blades bent during the multiple stabbings. After [Appellant] had inflicted [thirty-seven] stab wounds, he took off his bloody clothes and placed them inside two plastic garbage bags. He then locked the front door of the victim's house, washed his hands in the victim's sink, and exited through the back door, returning to his own home. [The victim died from her injuries.]

(**Commonwealth v. Fuentes**, No. 1288 MDA 2006, unpublished memorandum at *1-2 (Pa. Super. filed Oct. 10, 2007)).

On March 17, 2006, Appellant entered an open guilty plea, with the assistance of counsel and an interpreter, to one count each of criminal homicide and criminal trespass, and two counts of aggravated assault. At the April 17, 2006 degree of guilt hearing, the trial court found Appellant guilty of murder of the first degree. On June 26, 2006, the court sentenced him to a term of life without the possibility of parole plus not less than three nor more than seven years' incarceration. Appellant appealed and this Court affirmed his judgment of sentence on October 10, 2007. (**See id.** at *1). Appellant did not seek review in the Pennsylvania Supreme Court.

On January 25, 2008, Appellant filed a first PCRA petition *pro se*. The court appointed counsel on February 7, 2008, and ordered him to file an amended petition on Appellant's behalf. On May 14, 2010, counsel filed an

amended PCRA petition, and, on May 21, 2010, he filed a **Turner**/**Finley**[1] "no-merit" letter and a motion to withdraw. On May 27, 2010, the court granted counsel's motion, but did not address Appellant's petition. (**See** Order, 5/27/10). On July 1, 2016, Appellant filed a second *pro se* amended PCRA petition. On September 8, 2016, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing. **See** Pa.R.Crim.P. 907(1). On October 3, 2016, Appellant filed objections to the court's notice. The court dismissed Appellant's petition on October 4, 2016. (**See** Order, 10/04/16). Appellant timely appealed *pro se*[2] on October 27, 2016.[3] Appellant's current, privately retained PCRA counsel, entered his appearance in this Court on November 28, 2016.

Appellant raises one question for our review: "Whether PCRA counsel was ineffective for failing to raise claims of ineffectiveness of [direct] appeal counsel for failure to raise a claim that the guilty plea [was] unlawfully induced[?]" (Appellant's Brief, at 3) (most capitalization omitted).

_____

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] Appellant was *pro se* and incarcerated at the time he filed his notice of appeal, which is dated October 27, 2016. Therefore, we deem the notice filed as of that date, when it likely was delivered to prison authorities for mailing. **See Commonwealth v. Patterson**, 931 A.2d 710, 714 (Pa. Super. 2007).

[3] On December 1, 2016, Appellant filed a timely concise statement of errors complained of on appeal. On February 2, 2017, the court filed a statement in lieu of opinion. **See** Pa.R.A.P. 1925.

"The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Weimer*, ___ A.3d ___, 2017 WL 2893962, at *2 (Pa. Super. filed July 7, 2017) (citation omitted).

Here, Appellant's claim is waived.[4]

> "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). This requirement bars an appellant from raising "a new and different theory of relief" for the first time on appeal. *Commonwealth v. York*, 319 Pa. Super. 13, 465 A.2d 1028, 1032 (1983).

*Commonwealth v. Wanner*, 158 A.3d 714, 717 (Pa. Super. 2017); *see also Commonwealth v. Jones*, 912 A.2d 268, 278 (Pa. 2006) ("[A]n issue is waived where it was not presented in the original or amended PCRA petition below.") (citations omitted); *Commonwealth v. Kenney*, 732 A.2d

---

[4] We recognize that Appellant was proceeding *pro se* for a portion of his post-conviction litigation and retained a private attorney only after commencing this appeal. However:

> . . . [A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. . . .

*Commonwealth v. Lyons*, 833 A.2d 245, 251-52 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) (citations omitted).

1161, 1165 (Pa. 1999) ("The Superior Court has no original jurisdiction in PCRA or other proceedings[.] . . . An appellate court is limited to reviewing the record of the proceedings below for error.") (citation omitted).

In this case, our independent review of the record reveals that Appellant never raised an issue about the validity of his guilty plea or the ineffectiveness of counsel regarding same. (**See** *Pro Se* PCRA Petition, 1/25/08, at 3, 6 (challenging trial counsel's failure to move to suppress confession to police and direct appeal counsel's failure to seek permission to appeal to Pennsylvania Supreme Court); First Amended PCRA Petition, 5/14/10, at unnumbered page 2 (challenging direct appeal counsel's failure to seek permission to appeal to Pennsylvania Supreme Court); *Pro Se* Second Amended PCRA Petition, 7/01/16, at 7 (challenging: trial counsel's failure to advise Appellant of his right to jury determination of degree of guilt; trial counsel's failure to provide expert with all exhibits; and direct appeal counsel's failure to seek allowance of appeal in Pennsylvania Supreme Court)). Therefore, his issue is waived for our review. **See Wanner**, **supra** at 717; Pa.R.A.P. 302(a).

> In addition, our Supreme Court has made it clear that "[a]ny issues not raised in a [Rule] 1925(b) [S]tatement will be deemed waived." **Commonwealth v. Castillo**, 585 Pa. 395, 888 A.2d 775, 780 (2005) (citation and quotation omitted). **See also** Pa.R.A.P. 1925(b)(4)(ii) ("The [1925(b)] Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge").

**Wanner**, **supra** at 717.

Here, Appellant's Rule 1925(b) statement does not raise the issue presented here, and instead argues PCRA court error in dismissing his petition. (**See** Appellant's 1925(b) Statement, 12/01/16, at 1-3). Therefore, we deem the issue waived for our review on this basis as well.[5] **See Wanner**, **supra** at 717.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/2017

_____

[5] Moreover, although we may not address issues that the PCRA court did not have an opportunity to consider, we briefly note that our review of the notes of testimony from the guilty plea hearing reveals that Appellant had the benefit of an interpreter and counsel at all times, received an extensive colloquy, and voluntarily entered his guilty plea.