J-S11024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                              :           PENNSYLVANIA
                              :
            v.                 :
                              :
                              :
PHILLIP A.THOMPSON           :
                              :
           Appellant      :    No. 1937 EDA 2018

Appeal from the PCRA Order Entered February 14, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0003788-2000

BEFORE:  SHOGAN, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:          **FILED APRIL 15, 2019**

Phillip A. Thompson (Appellant) appeals from the order dismissing as untimely his third petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Following careful review, we affirm.

The procedural history underlying this appeal has been summarized by this Court in prior appeals:

> On December 11, 2001, Appellant was sentenced to life imprisonment after he was convicted of second-degree murder and related offenses [following a jury trial that took place after a previous declaration of a mistrial].  The convictions stemmed from an incident that took place on October 30, 2000, that claimed the life of Patrick Dougherty.  Following sentencing, Appellant filed a timely direct appeal to this Court, and we affirmed Appellant's judgment of sentence on February 5, 2003.[1]  Appellant filed a petition for allowance of appeal with our Supreme Court, which the Court denied on June 4, 2003.

---

[1] ***See Commonwealth v. Thompson***, 821 A.2d 137 (Pa. Super. 2003) (unpublished memorandum), *appeal denied*, 825 A.2d 638 (Pa. 2003).

Appellant filed a timely PCRA petition [his first] on June 10, 2014. The PCRA court appointed counsel on Appellant's behalf, and, after the granting of several extensions of time, appointed counsel filed an amended PCRA petition on September 21, 2005. The PCRA court conducted a hearing on Appellant's amended petition on February 14, 2006, and, at the conclusion of the hearing, Appellant requested additional time to contact Appellant's former appellate counsel. Thereafter, on June 15, 2006, Appellant advised the PCRA court that there was no need for additional testimony regarding Appellant's petition. The PCRA court denied Appellant's PCRA petition on June 20, 2006. ***See Commonwealth v. Thompson***, 953 A.2d 607 (Pa. Super. 2008) (unpublished memorandum, 2107 EDA 2006, pp. 1-2) (footnote omitted), *appeal denied*, 598 Pa. 758, 955 A.2d 358 (2008). This Court affirmed the decision of the trial court to deny Appellant's first PCRA petition, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. ***Id.***

Appellant, on November 5, 2008, filed a second PCRA petition *pro se*. The trial court, on November 18, 2008, summarily dismissed Appellant's *pro se* petition.

***See Commonwealth v. Thompson***, 981 A.2d 324 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 983 A.2d 1249 (Pa. 2009) (blockquote removed). Appellant appealed the denial of his second PCRA petition to this Court. ***Id.*** This Court affirmed, and the Pennsylvania Supreme Court denied his petition for allowance of appeal. ***Id.***

Appellant filed the instant *pro se* PCRA petition, his third, on May 11, 2015. Counsel was appointed and in May 2016, filed a motion seeking to withdraw because he had been appointed to represent a material witness who had testified against Appellant at trial. The court granted counsel's motion to withdraw, and in July 2016, appointed new counsel.

In January 2018, PCRA counsel filed a **Turner/Finley**[2] letter and accompanying motion to withdraw as counsel. On January 16, 2018, the PCRA court granted counsel's motion to withdraw and sent Appellant notice pursuant to Pa.R.Crim.P. 907 that his petition would be dismissed without a hearing. Appellant filed a *pro se* response to the PCRA court's notice. On February 14, 2018, the court formally dismissed Appellant's petition as untimely filed.

Appellant timely appealed[3] and filed a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court issued a responsive opinion.

On appeal, Appellant raises a single issue for our review:

> I. [Whether] Appellant was denied his constitutional Fourteenth Amendment right to effective counsel when each failed to raise the issue of a defective affidavit of probable cause?[4]

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] On November 21, 2018, this Court issued a rule to show cause why Appellant's appeal should not be quashed as untimely filed. **See** Rule to Show Cause, 11/21/18, at 1. Appellant filed a response, averring that his appeal should be considered timely due to the prisoner mailbox rule. **See** Response to Order, 12/6/18, at 1-2. The rule to show cause was discharged on December 26, 2018, and the issue referred to the merits panel. Here, Appellant's notice of appeal and certificate of service are hand-dated March 15, 2018. **See**, **e.g.**, **Commonwealth v. Wilson**, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) (noting that pursuant to the prisoner mailbox rule, a document is deemed filed when placed in the hands of prison authorities for mailing). Accordingly, we accept Appellant's notice of appeal as timely filed.

[4] We note that Appellant did not properly preserve this issue in his Pa.R.A.P. 1925(b) statement of errors complained of on appeal. **See Commonwealth**

Appellant's Brief at 2 (unnecessary capitalization and suggested answer omitted).

This Court's standard of review of an order denying a PCRA petition is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *See Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing." *See Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008).

We begin by addressing the timeliness of Appellant's petition, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of Appellant's claims. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. *Id*. There are three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

*v. Wanner*, 158 A.3d 714, 717 (Pa. Super. 2017). However, as our jurisdiction is implicated by the PCRA's timeliness requirements, we need not reach the merits of Appellant's issue or its preservation.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Previously – and for Appellant's purposes – a petition attempting to invoke the exceptions had to be "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A § 9545(b)(2); *see Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).[5]

Our review confirms that Appellant's petition is untimely. Appellant's judgment of sentence became final on September 2, 2003, at the expiration of the 90-day time period for seeking review with the United States Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (noting that U.S. S. Ct. R. 13 grants an appellant 90 days to seek review with the United States Supreme Court). Accordingly, Appellant had until

_____

[5] Act 146 of 2018 amended 42 Pa.C.S.A. §9545(b)(2), effective December 2017, and now provides that a PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. As noted, a petitioner previously had 60 days from when the claim could have been presented. *See* Act 2018, Oct. 24, P.L. 894, No. 146, §2 and §3. As Appellant filed his petition in May 2015, this change does not affect Appellant or our analysis.

September 2004 to file a timely PCRA petition. Appellant filed the underlying petition in May 2015, almost eleven years too late. Therefore, we are without jurisdiction to consider Appellant's appeal unless he has pled and proved one of the three timeliness exceptions. *See Bennett*, 930 A.2d at 1267.

In his petition, Appellant argues that he was the victim of judicial and prosecutorial misconduct during trial, ineffective assistance of counsel for failing to raise those issues at trial and on appeal, double jeopardy, and that his conviction was based upon defective bills of criminal information. *See* PCRA Petition, 5/11/15, at 2-3. Likewise, in his appellate brief, Appellant fails to mention or argue that his petition qualifies for an exception to the PCRA's timeliness requirement. Appellant does not reference the PCRA's time restrictions or address the PCRA court's finding that his petition is untimely. *See* Appellant's Brief at 5-8. Accordingly, because Appellant's petition is untimely and he has not pled an exception to the time bar, the PCRA court did not err in dismissing his petition. *See* 42 Pa.C.S. § 9545(b); *Bennett*, 930 A.2d at 1267; *Ragan*, 923 A.2d at 1170.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/19