J-S43027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESUS MADERA | : | |
| | : | |
| Appellant | : | No. 1901 MDA 2018 |

Appeal from the Judgment of Sentence Entered October 25, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0004409-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESUS MADERA | : | |
| | : | |
| Appellant | : | No. 1902 MDA 2018 |

Appeal from the Judgment of Sentence Entered October 25, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0000016-2017

BEFORE:   GANTMAN, P.J.E., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 26, 2019**

In these consolidated appeals[1], Appellant, Jesus Madera, appeals from

the Judgments of Sentence entered in the Berks County Court of Common

Pleas following his convictions of Possession with Intent to Deliver ("PWID")

heroin and cocaine, and related charges.  Appellant's counsel has filed an

_____

[1] This Court consolidated the appeals *sua sponte*.

_____

*   Former Justice specially assigned to the Superior Court.

Application to Withdraw as Counsel and a Brief pursuant to *Anders v California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). After careful review, we grant counsel's Application to Withdraw and affirm Appellant's Judgments of Sentence.

We glean the following relevant procedural and factual history from the certified record. On August 24, 2016, Detective Camilla Karns from the Berks County Detectives Narcotics Unit, working undercover, scheduled a controlled buy with Appellant, whom she knew by the nickname "Chelo," after contacting him by texting a cell phone number she had for him. Detective Karns drove to the 200 block of Hancock Boulevard in Reading, where she called Appellant's cell phone and asked for "two." N.T. Trial, 9/17/18-9/20/18, at 67. Appellant said okay and that he would be right there. Appellant arrived, entered the passenger side of Detective Karns' car, and handed her two plastic bags containing cocaine. Detective Karns gave Appellant $80 in recorded U.S. currency and drove Appellant a short distance to Scott Street where he exited the vehicle.

On September 1, 2016, following the arrest of Appellant's wife for delivering narcotics near Appellant's residence, police executed a search warrant at 504 East Wyomissing Avenue. Appellant and his adult son were inside the residence when police secured it. Appellant was sitting on a couch with a cell phone on the table in front of him. After police gave Appellant

*Miranda*[2] warnings, Appellant admitted to police that everything in the house was his, his nickname was Chelo, and he stayed in the first floor bedroom of that address. Appellant directed police where to find drugs and paraphernalia in the residence and confirmed that the cell phone on the table had the same phone number that Detective Karns contacted to facilitate the August 24, 2016 controlled buy. Upon searching the residence, police seized 5 glassine baggies containing .05 grams of heroin and 2 resealable bags containing 1.54 grams of cocaine from a black coat pocket; 11 resealable bags containing .59 grams of cocaine and 288 glassine bags containing 7.15 grams of heroin from a second floor bedroom; 2 bags of cocaine from a storage bin; a digital scale in a dresser drawer; and a digital scale, packing materials, a kilo press, and lidocaine from a second floor bedroom. Police subsequently arrested Appellant.

At trial, the Commonwealth presented testimony from Detective Karns and various police officers who had conducted surveillance of the transactions, assisted in executing the search warrant, or otherwise aided in the investigation. Notably, the Commonwealth presented testimony from Detective John Lackner who was qualified as an expert in drug identification and trafficking. Detective Lackner testified, *inter alia*, that in his expert opinion, Appellant possessed the cocaine and heroin seized from the home with the intent to distribute them.

---

[2] ***Miranda v. Arizona***, 384 U.S. 436 (1966).

Following Appellant's trial, a jury convicted him of PWID, Delivery of a Controlled Substance ("Delivery"), and Possession of a Controlled Substance ("Possession") at Docket No. 0004409-2016. At Docket No. 0000016-2017, the jury convicted Appellant of two counts of PWID, Conspiracy to Commit PWID, two counts of Possession, and Conspiracy to Commit Possession. On October 25, 2018, the trial court sentenced Appellant on both dockets to an aggregate term of 30 months' to 10 years' incarceration.

Appellant timely appealed. Appellant's counsel filed a Statement of Intent to File an *Anders* Brief pursuant to Pa.R.A.P. 1925(c)(4). In response, the trial court issued a Rule 1925(a) Opinion stating that in light of appellate counsel's Statement of Intent to File an *Anders* Brief, "this [c]ourt cannot identify the rulings or other errors complained of on appeal. Accordingly, it cannot provide an adequate opinion." Trial Ct. Op., filed 5/2/19, at 1.

In this Court, counsel has filed an *Anders* Brief asserting: "Appellant may feel that he was entrapped in connection with his delivery of cocaine to Detective Karns and the subsequent search of his residence." *Anders* Br. at 13. In addition, counsel has filed an Application to Withdraw as Counsel. Appellant has not filed a Response.

Before this Court may consider the merits of the issue raised, we must address counsel's Application to Withdraw. *See Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) ("When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). In order for counsel to withdraw from

- 4 -

an appeal pursuant to ***Anders***, our Supreme Court has determined that counsel must meet certain requirements, including:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

In the instant case, counsel has complied with all of the requirements of ***Anders*** as articulated in ***Santiago***. Additionally, counsel confirms that he sent Appellant a copy of the ***Anders*** Brief, as well as a letter explaining to Appellant that he has the right to proceed *pro se* or retain new counsel. ***See Commonwealth v. Millisock***, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements). Counsel filed a copy of the letter with this Court. ***See Millisock*** Letter, filed 6/28/19.

Because appellate counsel has satisfied the above requirements, we will address the substantive issue raised in the ***Anders*** Brief. In addition, we must conduct "a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*); ***Commonwealth v. Yorgey***, 188 A.3d 1190,

1197 (Pa. Super. 2018) (*en banc*) (noting that **Anders** requires the reviewing court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel.").

In his **Anders** Brief, counsel indicates that: "Appellant may feel that he was entrapped in connection with his delivery of cocaine to Detective Karns and the subsequent search of his residence." **Anders** Br. at 13. Essentially, Appellant avers that there is an applicable statutory affirmative defense to his convictions. Appellant does not dispute that he delivered cocaine to Detective Karns or that the drugs and paraphernalia found in the home belonged to him. Rather, he now asserts, for the first time in this appeal, the affirmative defense of entrapment.[3]

The Pennsylvania Crimes Codes makes clear that "a person prosecuted for an offense shall be acquitted if he proves . . . that his conduct occurred in

_____

[3] Entrapment is defined as follows:

> **(a) General rule.**--A public law enforcement official or a person acting in cooperation with such an official perpetrates an entrapment if for the purpose of obtaining evidence of the commission of an offense, he induces or encourages another person to engage in conduct constituting such offense by either:
>
>> (1) making knowingly false representations designed to induce the belief that such conduct is not prohibited; or
>>
>> (2) employing methods of persuasion or inducement which create a substantial risk that such an offense will be committed by persons other than those who are ready to commit it.

18 Pa.C.S. § 313(a).

response to an entrapment." 18 Pa.C.S. § 313(b). A defendant has the burden of proving the affirmative defense of entrapment at trial by a preponderance of the evidence. *Id.*

Our review of the record reveals that Appellant did not raise the affirmative defense of entrapment before or during trial, did not present any evidence in support of an entrapment defense, and did not request a jury instruction regarding entrapment. Because Appellant did not raise this defense at trial, he failed to preserve the issue for this Court's review. Accordingly, this issue is waived. *See Commonwealth v. Wanner*, 158 A.3d 714, 717 (Pa. Super. 2017) (holding that Appellant waived her argument alleging there was a statutory affirmative defense to defiant trespass that was applicable to her case, where she failed to raise the defense in the trial court); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Following our review of the issue purportedly raised by Appellant in counsel's *Anders* Brief, we agree with counsel and conclude that this appeal is wholly frivolous. In addition, following an independent review of the record, we discern no arguably meritorious issues that warrant further consideration. *See Dempster*, *supra* at 272. Accordingly, we grant counsel's Application to Withdraw as Counsel and affirm Appellant's Judgments of Sentence.

Judgments of Sentence affirmed. Application to Withdraw as Counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/26/2019