J-S35043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL SCOTT NICHOLSON, JR. | : | |
| | : | |
| Appellant | : | No. 458 MDA 2021 |

Appeal from the Judgment of Sentence Entered June 19, 2020
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000904-2019

BEFORE:  OLSON, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED DECEMBER 29, 2021**

Michael Scott Nicholson, Jr. (Nicholson) appeals from the June 19, 2020 judgment of sentence imposed by the Court of Common Pleas of York County (trial court) following his guilty plea to one count of possession with intent to deliver fentanyl (PWID).[1]  Nicholson's counsel has filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), and a petition for leave to withdraw as counsel.  We grant the petition to withdraw and affirm.

We glean the following facts from the certified record.  On March 11, 2019, Nicholson was charged with PWID heroin following a buy-bust operation

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

and search of his home. After receiving the lab report on the narcotics identifying the substance as fentanyl, the Commonwealth amended the information on January 22, 2020, to charge Nicholson with PWID fentanyl. "44.88 g" is handwritten on the criminal information next to the sole count of PWID but the record does not reflect who made this notation. That same day, Nicholson entered an open plea of guilty. He submitted a written guilty plea colloquy affirming that he understood the nature of the charge and the possible penalty, that he was not under the influence or otherwise unable to understand the proceedings, that he understood his trial and appellate rights, and that he was entering his plea of his own free will.

At the plea hearing, the Commonwealth stated that law enforcement had recovered three baggies from Nicholson containing 19.88 grams, 44.88 grams and 12.41 grams of fentanyl, respectively. The plea was with respect to the 44.88 gram bag. Trial counsel agreed that it was an open plea and erroneously stated that the sentencing guidelines were 96 to 115 months' incarceration in the standard range. In actuality, the standard range of the sentencing guidelines for possessing between 10 and 50 grams of fentanyl was a minimum of 72 to 90 months of incarceration.

The trial court then explained Nicholson's trial rights to him and asked whether he understood the written colloquy that he had filled out. Nicholson responded that he did. The trial court stated that the factual allegation was that Nicholson had possessed 44.88 grams of fentanyl with intent to deliver

- 2 -

and asked Nicholson to explain why he was guilty of the offense. Nicholson said that he did possess the substance and that, at the time, he thought it was heroin. He said he had been temporarily laid off from his job so he had begun selling narcotics. He stated that he wanted to accept responsibility for his actions and that no one had pressured him to enter his plea. The trial court accepted the plea.

On February 26, 2020, Nicholson appeared for sentencing. At that time, the Commonwealth stated that the amount of fentanyl in the amended criminal information was incorrect and that the presentence investigation (PSI) reflected the correct amount of 77.17 grams of fentanyl. Based on the increased amount of fentanyl, the Offense Gravity Score (OGS) for the offense was 13, and the standard range of the sentencing guidelines was a minimum of 96 to 114 months, with an aggravated range of 126 months of incarceration. The Commonwealth said it believed Nicholson wanted to withdraw his plea and that it opposed that motion because it had been prepared to proceed to a jury trial when he pled guilty. It argued that Nicholson should not be permitted to withdraw his plea if he was simply unhappy with the potential sentence.

Trial counsel confirmed that Nicholson wished to withdraw his plea but said, "I don't think it has anything to do with the sentence. He knew the day he pled, I told him then he was looking at a ton of time, whether it's heroin or whether it was going to be amended to fentanyl." Notes of Testimony,

2/26/20, at 3. Nicholson then spoke on his own behalf and stated that he wanted to withdraw his guilty plea so that he could file a motion to suppress based on the confidential informant (CI) involved with the buy-bust operation. The trial court responded that the deadline for filing a suppression motion had passed and any potential grounds had been waived. Nicholson then asserted that he "would like to take it to trial," and "would like to have the chance to let it be heard. Let everything be seen, brought out, and—I mean, we just recently received the lab results today."[2] *Id.* at 4. He also stated that he had not yet completed his drug and alcohol evaluation for the PSI.

The trial court denied the motion to withdraw the plea and sentencing was continued for Nicholson to complete a drug and alcohol evaluation. On June 19, 2020, the trial court sentenced Nicholson in the standard range of the sentencing guidelines to 114 to 228 months of incarceration.[3] Nicholson did not file a post-sentence motion or notice of appeal. Following a timely petition pursuant to the Post-Conviction Relief Act (PCRA),[4] the trial court

---

[2] The Commonwealth disputed that the defense had only received the lab results that day.

[3] "All numbers used for the ranges of the sentence recommendations suggest months of minimum confinement. . . ." 204 Pa. Code § 303.9(e). The minimum sentence imposed "shall not exceed one-half of the maximum sentence imposed." 42 Pa.C.S. § 9756(b)(1). Nicholson's sentence of a minimum of 114 months and a maximum of 228 months of incarceration fell within the standard range of the guidelines based on the OGS of 13.

[4] 42 Pa.C.S. §§ 9541 *et seq.*

reinstated his direct appeal rights *nunc pro tunc*. Nicholson timely appealed and he and the trial court have complied with Pa. R.A.P. 1925.

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Martuscelli**, 54 A.3d 940, 947 (Pa. Super. 2013). Procedurally, counsel must: (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the defendant; and (3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013).

Counsel has complied with these procedural mandates. The application avers that counsel reviewed the entire record and concluded that the instant appeal is wholly frivolous. He attached a copy of the letter he sent to Nicholson with a copy of the **Anders** brief and petition to withdraw as counsel. **See Commonwealth v. Woods**, 939 A.2d 896, 900 (Pa. Super. 2007) (noting that counsel must attach to their withdrawal petition a copy of the letter sent to the client). The letter informed him that he has the right to hire private counsel or file a *pro se* brief. On October 15, 2021, this Court received Nicholson's *pro se* response to the brief filed by counsel which raises additional claims for relief.

We now examine the substantive elements of the **Anders** brief. The brief accompanying the petition to withdraw must: (1) provide a summary of the procedural history and facts with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. **See Santiago**, **supra**, at 361. Counsel's **Anders** brief summarizes the factual and procedural history, identifies six potential issues, and outlines the legal and factual analysis that led counsel to conclude that any appeal would be frivolous. Because counsel has complied with the procedural and substantive requirements of **Anders**, we now "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, **supra**, at 355 n.5.

The first four issues raised in the **Anders** brief relate to the terms of Nicholson's guilty plea and whether the trial court abused its discretion in denying his motion to withdraw the plea.[5] Counsel identifies three potential errors related to the amendment of the amount of fentanyl charged for the count of PWID: whether Nicholson should have been permitted to withdraw his plea after the Commonwealth amended the amount of fentanyl from 44.88 grams to 77.17 grams; whether he was denied the benefit of his plea bargain

_____

[5] We have reordered the issues for ease of disposition.

when the Commonwealth amended the weight of the fentanyl upwards after he entered the plea; and whether the plea became unknowing and involuntary when the weight of the fentanyl was altered.

We agree with counsel that these issues are waived. Nicholson did not object to the increase when the Commonwealth placed it on the record at the hearing on February 26, 2020, or contend that it deprived him of the benefit of his open plea. When he orally moved to withdraw his plea, trial counsel specifically stated, "I don't think it has anything to do with the sentence. He knew the day he pled, I told him then he was looking at a ton of time, whether it's heroin or whether it was going to be amended to fentanyl." Notes of Testimony, 2/26/20, at 3. When asked why he wanted to withdraw the plea, Nicholson said only that he wished to file a suppression motion and that he wanted all the evidence to be brought out at trial. It is well-settled that any issue not raised in the trial court is waived for the purposes of appeal. Pa. R.A.P. 302(a). Accordingly, these issues are wholly frivolous.[6]

_____

[6] We are troubled by the Commonwealth's actions in this case. At the plea hearing, the prosecutor stated on the record that the case involved three different baggies of fentanyl but explicitly agreed that the plea would be only with respect to the 44.88 gram bag. Nicholson then pled guilty and the trial court accepted the plea. Despite this agreement, at the next hearing, the Commonwealth, represented by a different prosecutor, unilaterally informed the trial court that the case actually involved 77.17 grams of fentanyl and that the sentencing guidelines in the PSI had been adjusted accordingly. This change increased the OGS from 11, with a standard range sentence of 72 to 90 months, to an OGS of 13, with a standard range sentence of 96 to 114 months. *See* 204 Pa. Code §§ 303.15, 303.16(a). "Where a plea agreement
*(Footnote Continued Next Page)*

- 7 -

Next, counsel addresses whether the trial court abused its discretion in denying Nicholson's presentence motion to withdraw his guilty plea, finding no fair and just reason existed to grant the motion. Nicholson did not preserve this argument in his concise statement pursuant to Pa. R.A.P. 1925(b), which only raised issues related to the amendment of the weight of fentanyl following his guilty plea. Accordingly, it is waived. *See Commonwealth v. Wanner*, 158 A.3d 714, 717 (Pa. Super. 2017); Pa. R.A.P. 1925(b)(4)(vii). However,

_____

has been entered of record and accepted by the trial court, the state is required to abide by the terms of the plea agreement." *Commonwealth v. Mebane*, 58 A.3d 1243, 1246 (Pa. Super. 2012) (citation omitted); *see also Commonwealth v. Parsons*, 969 A.2d 1259, 1268 (Pa. Super. 2009) ("Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement on the record, and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement.").

Here, Nicholson entered an open plea to the single count charged in the criminal information. The only aspect of the plea that was bargained for was the amount of fentanyl involved. By altering this term, the Commonwealth deprived Nicholson of the benefit of his bargain. Moreover, trial counsel's response to the change was to state that Nicholson knew he was facing significant incarceration "whether it's heroin or whether it was going to be amended to fentanyl." Notes of Testimony, 2/26/20, at 3. Counsel apparently did not recognize that the significant change was not to the type of narcotic involved, which had already been amended at the time of the plea, but rather to the amount of fentanyl, which impacted the sentencing guidelines. Nevertheless, because Nicholson did not object on the record to the change or file a motion to enforce the original plea agreement, we are constrained to conclude that this issue is waived on direct appeal. *But see Commonwealth v. Snook*, 230 A.3d 438, 444 (Pa. Super. 2020) (holding that a collateral petition to enforce a plea agreement can be reviewed under contract enforcement theory outside of the ambit of the PCRA); 42 Pa.C.S. § 9543(a)(2)(ii) (eligibility for PCRA relief based on ineffective assistance of counsel).

- 8 -

we have previously held that "when direct appeal counsel has filed an *Anders* brief and is requesting permission to withdraw from representation, this Court may overlook certain procedural deficiencies in appellate court filings to ensure that *Anders* counsel has not overlooked non-frivolous issues." *Commonwealth v. Cox*, 231 A.3d 1011, 1016 (Pa. Super. 2020).[7] Accordingly, we proceed to review the merits of this claim and Nicholson's sentencing claims.[8]

A presentence motion to withdraw a guilty plea must be granted if the defendant offers a fair and just reason to do so, and permitting the withdrawal will not cause substantial prejudice to the Commonwealth. *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1292 (Pa. 2015). Requests to withdraw a plea prior to sentencing should be liberally allowed. *See Commonwealth v. Norton*, 201 A.3d 112, 116 (Pa. 2019). When considering such a request, the trial court must determine whether the defendant has made "some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Id.* (quoting *Carasquillo*, *supra*, at 1292).

---

[7] We noted that this principle "will not serve to resuscitate claims that were already waived upon the filing of the notice of appeal." *Commonwealth v. Cox*, 231 A.3d 1011, 1016 (Pa. Super. 2020).

[8] We review the denial of a presentence motion to withdraw a guilty plea for an abuse of discretion. *Commonwealth v. Elia*, 83 A.3d 254, 261 (Pa. Super. 2013).

When he moved to withdraw his guilty plea, Nicholson first asserted that he wished to file a suppression motion related to the information gleaned from the CI in the case. The trial court rejected this basis for withdrawal, explaining that the deadline for filing an omnibus pretrial motion had long passed. *See* Pa. R. Crim. P. 579(A) (omnibus pretrial motion must be filed within 30 days after arraignment unless the opportunity did not exist, counsel was not aware of grounds for motion, or court extends deadline for cause shown), 581(B). Next, Nicholson asserted a general desire "to take it to trial" and "let it be heard. Let everything be seen, brought out. . . ." Notes of Testimony, 2/26/20, at 4. He further claimed that the defense had only received the lab report that day, which the Commonwealth disputed.

The trial court found that Nicholson's wish to proceed to trial was not a fair and just reason for withdrawal when the case was ready to proceed to trial when he chose to enter the plea. Trial Court Opinion, 6/8/21, at 11. It also found Nicholson's claim that the lab report had only been disclosed that day to be incredible because trial counsel had stated during the plea hearing months earlier that the Commonwealth had apprised him of the lab report. *Id.* at 11-12. It concluded that Nicholson's reasons for withdrawing his plea "were frivolous and designed solely to frustrate the orderly progress of his case at sentencing." *Id.*

We discern no abuse of discretion. The trial court correctly determined that the deadline for filing a suppression motion had passed and Nicholson did

not set forth any new information supporting suppression that would excuse the late filing. While he also stated that he wished to challenge the evidence at trial, he had been colloquied on his trial rights prior to entering his plea and did not set forth any explanation or plausible reason for changing his decision on the eve of sentencing. Because he failed to articulate a fair and just reason to support withdrawal of his plea, the trial court did not abuse its discretion in denying the motion and this claim is frivolous.

Counsel then addresses whether Nicholson's sentence is illegal because the OGS for the offense increased when the Commonwealth amended the amount of the fentanyl at issue from 44.88 grams to 77.17 grams. However, counsel correctly notes that a challenge to the calculation of the OGS goes to the discretionary aspects and not the legality of the sentence.[9] **See Commonwealth v. Lamonda**, 52 A.3d 365, 371 (Pa. Super. 2012). A challenge to the discretionary aspects of a sentence must be preserved at the sentencing hearing or in a post-sentence motion. **Id.** Here, no post-sentence motion was filed and the sentencing transcript confirms that Nicholson did not challenge the increase to the OGS at the hearing. Accordingly, this issue is waived and an appeal on this basis would be wholly frivolous.

---

[9] The weight of the narcotics affected the sentencing guidelines and did not result in a change to the statutory maximum or the imposition of a mandatory minimum sentence. As a result, the sentence is not illegal pursuant to **Apprendi v. New Jersey**, 530 U.S. 466 (2000), or **Alleyne v. U.S.**, 570 U.S. 99 (2013).

Finally, counsel concludes that any other argument related to the discretionary aspects of Nicholson's sentence would be frivolous, as no post-sentence motion was filed challenging the sentence. We agree. ***Id.***

We next consider Nicholson's *pro se* response to counsel's ***Anders*** brief. Nicholson's first claim is based on alleged ineffective assistance of trial counsel. If he wishes to challenge trial counsel's stewardship, such a claim must be brought in a petition pursuant to the PCRA and is not cognizable on direct appeal. ***See Commonwealth v. Holmes***, 79 A.3d 562, 576 (Pa. 2013) (holding that ineffective assistance of counsel claims should generally be deferred to collateral review).

Nicholson also argues that the trial court acted unethically and abused its power by imposing an unreasonably harsh sentence. He contends that the sentence, which exceeded the recommendation of the probation department, was based on improper speculation about his future behavior. Nicholson did not preserve these issues in the trial court by moving for recusal or filing a post-sentence motion challenging the discretionary aspects of his sentence. As a result, they are waived. ***See*** Pa. R.A.P. 302(a).

Nicholson also complains that he was offered a plea bargain based on an OGS of 13 before the Commonwealth had received the lab report confirming that the substance was fentanyl rather than heroin. He claims that if the OGS had been calculated for heroin, his plea offer would have been substantially lower. There is no evidence of record reflecting that a plea offer

was made before the lab report was produced. Moreover, plea offers are within the discretion of the district attorney and "a defendant has no right to a deal with the Commonwealth; the district attorney is ordinarily free to choose with whom he will negotiate." ***Commonwealth v. Childress***, 799 A.2d 805, 810 (Pa. Super. 2002) (citation omitted). Because Nicholson cannot claim entitlement to any plea bargain, this issue is frivolous.

Next, Nicholson raises several bald claims concerning evidence tampering, the CI's involvement and the validity of the lab report. Again, these arguments are waived as none of them was raised in the trial court. ***See*** Pa. R.A.P. 302(a). Finally, he challenges the calculation of the OGS and the denial of his motion to withdraw his plea, which we have addressed *supra*.

Upon our independent review of the record, we have found no other non-frivolous issues that would merit relief. ***See Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the ***Anders*** procedure requires this Court to first review the issues raised by counsel and then review the entire record "to ascertain if on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated"). Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted.  Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2021